## Rank *against* Shewey.

It is not a good cause of principal challenge to a juror that his sister is the wife of the nephew of the party : but if made to the favour of the juror, it would be sufficient to induce triers to exclude him from the jury.

The existence or contents of a bond cannot be proved by parol evidence without first accounting for its non production.

ERROR to the common pleas of *Lebanon* county.

The facts of the case are fully stated in the opinion of the court. The exceptions were argued by

*Foster* and *Weidman*, for plaintiff in error, who, on the subject of challenge, cited, 3 *Bac. Ab.* 756; 7 *Cowen* 478 ; *Tidd. Prac.* 779 ; Wood *v.* Stoddard, 2 *Johns.* 194 ; Chess *v.* Chess et al., 1 *Penns. Rep.* 43 ; Commonwealth *v.* Lesher, 17 *Serg. & Rawle* 156.

*M'Cormick* and *Kline*, contra, cited, 3 *Black. Comm.* 362.

The opinion of the Court was delivered by

KENNEDY, J.—This is an action of *assumpsit*, and was brought in the court below by Christian Shewey, the defendant in error, to recover contribution for a loss sustained by him in being compelled to pay a balance due upon a bond in which he and David Rank, the defendant below and plaintiff in error, had joined as co-sureties and co-obligors with John H. Shewey, the principal obligor and debtor, to Jacob B. Weidman, Esq. for 2580 dollars.   The name of John H. Shewey was the first affixed to the bond ; the name of David Rank, the defendant, the second ; and the name of the plaintiff, the last.

The first error assigned is, that the court overruled an exception taken by the plaintiff in error to John Backentos, a juror called and selected to try the issue in the cause, being sworn or affirmed for that purpose, because his sister was the wife of a nephew of the plaintiff below.   The challenge was made as a principal challenge, and not to the favour of the juror.   If it had been made on this latter ground, this connexion between the sister of the juror and the nephew of the plaintiff below, together with proof of other circumstances of great intimacy between the plaintiff and the juror, would doubtless have been sufficient to have satisfied the triers who would have been appointed by the court to decide the matter, that the juror called was not free from a disposition to favour the plaintiff below, or was not *omni exceptione major*.   But the challenge was made on the ground that the juror was of kin to the plaintiff, and within the degree that excluded him.   The court, however, did not think so, and clearly

they were right, for there was no degree of kindred whatever existing between them.

The second error assigned consists of an exception to the opinion of the court in overruling evidence offered by the plaintiff in error on the trial of the cause to be given to the jury. The offer was to prove " that a bond of Christian Shewey and John H. Shewey to David Rank, was offered by David Rank to Jacob B. Weidman for the same amount as the bond mentioned in the plaintiff's declaration. That Jacob B. Weidman sent Jacob Weidle, Esq. to Christian Shewey to know whether the bond would be paid, when due, without objection. That Weidle did go to Christian Shewey, the plaintiff in this suit, and told him that such bond had been offered to Weidman, who wished to know whether it would be paid. That Shewey did *not deny* that such bond existed, but said that he did not think that Rank would do so. That he did not know if it would be paid, as there were small accounts to settle with Rank. That he would like to see his son (meaning John H. Shewey) first. That on this being made known to Weidman, he refused to have any thing to do with the bond, but said he would take Christian Shewey's, John H. Shewey's and David Rank's bond, and have nothing to do with their accounts; on which Christian Shewey, John H. Shewey and David Rank did sign a bond to Weidman for the sum as already stated, and that the bond was brought to Weidman by Rank, with a letter from John H. Shewey and Christian Shewey, requesting the said Weidman to give the money to David Rank on their bond."

This evidence, as was alleged by the counsel for the defendant below, was offered for the purpose of showing that Christian Shewey, the plaintiff, was personally bound to the defendant for the amount of the bond given to Mr Weidman ; that the proceeds of the bond to Weidman went to discharge such previous liabilities ; and that Christian Shewey the plaintiff, although in appearance a surety in the bond to Weidman, was, in fact, a principal with his son John H. Shewey. The plaintiff, however, objecting to this evidence being given, the court rejected it. In this, I think, the court were right ; because it was an attempt by the defendant below to prove by parol evidence, not only the existence, but the contents of a bond which he himself held upon Christian Shewey and John H. Shewey, instead of producing the bond itself and making proof of it, or attempting to account for its non production. To have admitted the evidence offered, would have been a plain violation of the well established rule, that the best evidence the nature of the thing proposed to be proved will admit of, must always be given, or some good reason shown why it is not adduced. We therefore think there is no error in the rejection of this evidence.

The third error assigned is also an exception to the opinion of the court in rejecting the books of account of John H. Shewey, with a deed of assignment made by him to John Brunner and Adam Zeller, in trust for certain preferred creditors of the said John H. Shewey,

and after payment of them, in trust for the payment of the residue of his creditors generally, in which Jacob B. Weidman is preferred for 2580 dollars, being the amount of the bond given him by John H. Shewey, David Rank and Christian Shewey : John Brunner, one of the assignees, for a debt of 500 dollars ; Christian Shewey, for 1500 dollars, the amount of bonds and notes held by him against the assignor.

These books of account and the deed of assignment, together with evidence that the 1500 dollars, or a considerable part thereof, were paid by the assignees to Christian Shewey, were offered, as was alleged by the defendant's counsel, for the purpose of showing a payment to Christian Shewey on account of the money paid by him on the bond to Jacob B. Weidman given in evidence by the plaintiff. But the evidence being objected to by the plaintiff's counsel below, the court rejected it.

It is right here to premise that the bond to Weidman was not payable at the time John H. Shewey made the assignment.   It did not become so until some two or three months afterwards ; and that the money paid by Christian Shewey on it, was not paid until more than four months after the bond became payable ; and that the money paid by him was the balance which remained due upon it after deducting what had been received by Jacob B. Weidman the obligee, from the assignees of John H. Shewey, as the full amount of the dividend owing from the property and effects assigned by him. Now it is perfectly clear that the books of John H. Shewey, which only showed mutual dealings between Christian Shewey and John H. Shewey to some amount, but not any indebtedness on the part of Christian to John, nor any reference whatever to the bond which had been given to Jacob B. Weidman, together with the assignment made by John H. Shewey and the payment of money under the same by the assignees to Christian Shewey, could not be made by the jury to have any possible application to the money paid by Christian Shewey on the bond to Weidman, for which he claimed to have contribution of the defendant.   So far from these things thus offered to be given in evidence going to show or prove that the plaintiff had received money from the assignees of John H. Shewey, on account of the bond in which he was a co-obligor and co-surety with Rank, it went to establish that he had received money from them upon an entirely different claim.   The evidence was, therefore, not relevant or material to the issue, and of course there was no error in the court's refusing to receive it.

The fourth error is likewise an exception to the opinion of the court, in refusing to permit the counsel for the defendant below to prove that Christian Shewey offered to guaranty the payment of a debt of 500 dollars, owing by John H. Shewey to John Brunner, provided he would become one of his assignees and assist in the execution of the trust.   How such evidence as this could be material to the issue trying in this case, I am totally unable even to imagine ;

and not being so, the court were most clearly right in refusing to admit it.

There is still less, if possible, in the fifth error assigned. And the sixth and last error was abandoned by the counsel.

Judgment affirmed.