Paddock *v.* Wells.

## PADDOCK *vs.* WELLS.

By the common law, it is a good cause of challenge to a juror that he is of kin to either of the parties, by consanguinity or affinity, within the ninth degree.

Affinity properly means the tie which arises, from marriage, betwixt the husband and the blood relatives of the wife, and between the wife and the blood relatives of the husband. And the blood relatives of the wife, while the marriage tie continues, stand in the same degree of affinity to the husband as they do in consanguinity to her.

Relationship by affinity may exist between the husband and one who is connected by marriage with a blood relative of the wife. Thus, where two men marry sisters, they become related to each other in the second degree of affinity, as their wives are related in the second degree of consanguinity.

But there is no affinity between the blood relatives of the husband and the blood relatives of the wife.

The death of the husband, without issue, will sever the tie of affinity between the wife and a third person, to whom she is related in consequence of the husband's relationship to him by consanguinity only. But if there be living issue of the marriage, who survive the husband, such issue will continue the relationship by affinity, between the wife and the blood relatives of her deceased husband.

Paddock *v.* Wells.

Although a judgment, rendered by a judge who is related to either of the parties in a suit, may not be absolutely void, where there was nothing before such judge to show the existence of the relationship, *it seems* the proper course for the judge, where he is satisfied of the fact of his relationship to either of the parties in interest in the suit, is to refuse to hear the cause; unless both parties, upon being informed of the fact, join in a request to him to hear and decide it.

The only exception to this principle is where the constitution has conferred the jurisdiction upon a particular judge, or tribunal, and no provision is made by law for hearing and deciding the matter in controversy in any other way, when such judge is related to either of the parties. In that case, the constitution being the paramount law, the judge, or tribunal, to whom the constitution has confided the decision of the matter, must from necessity, hear and decide it; to prevent a failure of justice.

THIS was an appeal, from an order of the late vice chancellor of the fifth circuit, denying the complainant's motion for the appointment of a receiver, upon a creditor's bill, on the ground that the vice chancellor was not authorized to hear and decide the motion. An application had been made to the chancellor, founded upon an affidavit that the defendant was the widow of a second cousin of the vice chancellor of the circuit in which this suit was pending. The chancellor thought there was not such a relationship existing between the defendant and the vice chancellor as to incapacitate the latter from hearing and deciding the motion; and therefore advised the counsel to renew his application there. An application was made accordingly, and upon the hearing thereof the vice chancellor stated it as a fact, within his own knowledge, and which was conceded by the complainant's counsel, that the former husband of the defendant was a cousin german, or first cousin, of the vice chancellor, and that she had a son by that husband who was then living. And the vice chancellor thereupon denied the application, upon the ground that he was not competent to hear and decide the motion for a receiver, by reason of his relationship by affinity to the defendant.

*W. A. Beach,* for the appellant.

*O. L. Barbour,* for the respondent.

THE CHANCELLOR.   By the common law, it is a good cause of challenge to a juror, that he is of kin to either of the parties, by consanguinity or affinity, within the ninth degree. (2 *Black. Com.* 363.  *Cary's Law of Juries*, 89.  *Finch's Law*, 401.) Affinity properly means the tie which arises from marriage betwixt the husband and the blood relatives of the wife, and between the wife and the blood relatives of the husband.   Consequently, while the marriage tie remains unbroken, the blood relatives of the wife stand in the same degree of affinity to the husband as they do in consanguinity to her.   Thus the father of the wife stands in the first degree of affinity to his son-in-law, as he does in the first degree of consanguinity to his daughter.   Relationship by affinity may also exist between the husband and one who is connected by marriage with a blood relative of the wife.   Thus, where two men marry sisters, they become related to each other in the second degree of affinity, as their wives are related in the second degree of consanguinity. (*Charles* v. *John*, Year Book, 41 *Edw.* 3, *p.* 9.   *Markham* v. *Lee*, cited 1 *Leon. Rep.* 89.   *Foot* v. *Morgan*, 1 *Hill's Rep.* 654.)   But there is no affinity between the blood relatives of the husband and the blood relatives of the wife. ( *Toml. Law Dict. art. Affinity.   Gibs. Codex*, 512.   *Pothier, Traite du Marriage, pt.* 3, *ch.* 3, *art.* 2.)   The defendant in this case, during the life of her husband, stood in the fourth degree of affinity to the vice chancellor of the fifth circuit, as her husband was related to him in the fourth degree of consanguinity. The death of her husband, however, would have severed this tie of affinity, entirely, had not the living issue of the marriage, in whose veins the blood of both parties was commingled, continued to preserve the relationship by affinity through the medium of such issue of the marriage.   This distinction between the severance of the tie of affinity by the death of the husband, or wife, without issue, and the continuance of the tie between the blood relatives of the decedent and the survivor, through the medium of living issue of the marriage, appears to be distinctly recognized in the cases referred to by the vice chancellor, where challenges have been made on the

Paddock v. Wells.

ground of such relationship. (*Coke Lit.* 156, *a. Idem,* 157, *a. Mounson* v. *West,* 1 *Leon. Rep.* 88. *Cain* v. *Ingham,* 7 *Cowen's Rep.* 478. *Abbe of Stratford's case, Year Book,* 10 *Hen.* 7, *p.* 7. *Finch's Law,* 9. *Carman* v. *Newell,* 1 *Denio,* 25.)

It is not necessary to examine the question, in this case, whether the vice chancellor is related to the defendant in the fourth degree of affinity, as he was before the death of her husband, who was his cousin german, or only in the sixth degree, through the medium of her son; who is related to the vice chancellor in the fifth degree of consanguinity, as his second cousin. For, in either case, the relationship by affinity between the defendant and the vice chancellor is sufficiently near to exclude him from serving as a judge or juror in a cause in which she is interested as a party.

The language of the statute under which this question arises is, that "no judge of any court can sit as such in any cause to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." (2 *R. S.* 275, § 2.) And though the objection in this case was made by the party who was related to the vice chancellor by affinity, and not by the complainant, I think the vice chancellor was right in refusing to hear and decide the motion upon its merits; for the reason assigned by him in the order denying the application. Such appears to be the construction which has been put upon this statute by the supreme court. For in *Edwards* v. *Russell,* (21 *Wend. Rep.* 63,) Cowen, J. who delivered the opinion of that court, says: "The meaning of the statute, that the judge cannot sit in a case in which he is related to the parties is, not merely that the interests of the parties are unsafe, but the general interest of justice. Decency forbids that he should be seen acting either for or against his father, brother, or cousin," &c. And, although I am not prepared to say that the judgment rendered in such a case is absolutely void, where there was nothing before the judge, at the time he rendered such judgment, to show that the real party in interest in the suit was related to him either by affinity or consanguinity, as

in the case of *Foot* v. *Morgan,* (1 *Hill's Rep.* 154,) still, I think the proper course for a judge, where he is satisfied of the fact of his relationship to either of the parties in interest in the suit, is to refuse to hear the cause; unless both parties in the suit, upon being informed of the fact, shall join in a request to him to hear and decide it.

The only exception to this principle is where the constitution has conferred the jurisdiction upon a particular judge, or tribunal, and no provision is made by law for hearing and deciding the matter in controversy when the judge is related to either of the parties in the suit. There, the constitution being the paramount law, the judge, or tribunal, to whom the constitution has confided the decision of the matter, must from the necessity of the case hear and decide it, to prevent a failure of justice. (*Matter of Leefe and wife, ante, p.* 39.)

No such necessity existed in the case under consideration; for the statute had authorized the chancellor to hear and decide an application, where the vice chancellor, before whom the suit was pending, was legally disqualified to act in the particular case. (2 *R. S.* 177, § 60, *of 2d ed.*) It is true such an application had been made to the chancellor, upon an affidavit that the defendant was the widow of a more distant relative of the vice chancellor than she now appears to be; and the chancellor, overlooking the fact that there was still an existing relationship, by affinity with the vice chancellor, within the ninth degree, through the medium of the surviving issue of her marriage with her deceased husband, refused to hear the application, upon the supposition that he was not authorized to hear it upon the case as then stated. Still, the decision of the vice chancellor was right, and the chancellor alone was then authorized to make the order asked for.

The order appealed from must therefore be affirmed; with liberty to the complainant to re-notice his application before the chancellor, or before the supreme court, at his election, upon the same papers which were before the vice chancellor; or to renew the application, upon new papers, before the supreme

court, if he shall be so advised. And under the circumstances of this case the complainant ought not to be charged with costs upon this appeal.

Order accordingly