NEW YORK PRACTICE REPORTS. 187

New York and New Haven Railroad Co. agt. Schuyler.

———◆◇———

## SUPREME COURT.

THE NEW YORK AND NEW HAVEN RAILROAD COMPANY agt. ROBERT SCHUYLER, JOHN A. UNDERWOOD, and others.

A *judge* related by affinity to one of the defendants in an action, within the degrees of affinity *which would exclude him as a juror*, cannot grant an injunction therein.

Such affinity exists where such judge and defendant *have married cousins* who are still living, and the parties are united by a subsisting marriage.

An *injunction* granted in an equity cause by a judge disqualified by reason of affinity to one of the defendants to sit in the cause, will be dissolved on the application of any of the defendants as to the defendant applying, though the interests and claims of the defendants are separate and distinct, but embraced in one action.

*New York Special Term, October*, 1855.

MOTION to dissolve an injunction. The New York and New Haven railroad company brought this action against Robert Schuyler and numerous defendants, who were alleged to be holders of over-issued stock of the company fraudulently issued by Schuyler. The object of the action was to procure a determination in a single action of the character of the stock held by the different defendants and alleged to be spurious, and their several claims against the company growing out of the alleged fraudulent transfers and certificates, and the acts of the officers and agents of

the company connected therewith, and to have such transfers and certificates declared void and cancelled, and in the meantime to restrain the prosecution of separate suits by the defendants against the company.   The cause is reported upon demurrer in the court of appeals, in 17 *N. Y. R.*, 603.

At the commencement of the action an *ex parte* injunction was granted in pursuance of the prayer of the bill, restraining the defendants from prosecuting such suits to compel the transfer of stock to them, or to assert their title to stock, or their claims against the company growing out of such alleged fraudulent transactions.

Messrs. John A. Underwood & Son, and J. Warren Rogers, defendants, moved upon the complaint and injunction order, and upon affidavits, to dissolve the injunction as to them, stating that they were bona fide purchasers of the stock held by them and alleged to be spurious, and also that the judge by whom the injunction order was granted was related by affinity to one of the other defendants; the wives of such judge and defendant being first cousins.

WILLIAM BLISS, *for the defendants moving*,

argued that the motion should be granted; first, on the ground of the insufficiency of the complaint and the bona fide character of these defendants, and, secondly, on the ground of the incompetency of the judge by reason of affinity to make the order.   The points taken and authorities cited by him will sufficiently appear by the following points made by him upon the appeal from the order dissolving the injunction.

I. The dissolution of the injunction is proper on the complaint itself, which is insufficient.   These defendants also claim to be bona fide purchasers.

II. The injunction should be dissolved on account of the incompetency of the judge by whom the order was made to make the order, on account of his affinity to one of the

NEW YORK PRACTICE REPORTS. 189

New York and New Haven Railroad Co. agt. Schuyler.

defendants. (2 *R. S.* 275, §§ 2 *and* 3 ; 3 *Bl. Com.* 363 ; *Co. Lit.* 157, *and note* ; *Mounson* agt. *West*, 1 *Leon.* 88 ; *Cain* agt. *Ingham*, 7 *Cow.* 478, *and note* ; *Paddock* agt. *Wells*, 2 *Barb. Ch. R.* 331 ; *Bellows* agt. *Pearson*, 19 *J. R.* 172 ; *Oakley* agt. *Aspinwall*, 3 *Comst.* 550.)

1. In the laws for the administration of justice two objects are sought, that justice should be done, and that it should be believed to be done ; that it should be pure, and that it should be unsuspected.

2. The law, therefore, requires that judges and jurors should be free from any presumed personal bias, arising from blood or marriage, that they may be alike above exception and above suspicion.

3. "No judge in any court can sit as such in any *cause* in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties " (2 *R. S.* 275, § 2). Any person within the ninth degree of affinity or consanguinity to either of the parties, is incompetent to sit as a juror in the cause. (3 *Bl. Com.* 363 ; 2 *Barb. Ch. R.* 331.)

4. The husband and wife are one in law, and relation by affinity exists between the husband and one who is connected by marriage with a blood relative of the wife, and in the same degree in which the wives are related by consanguinity. (*Markham* agt. *Lee, cited* 1 *Leon.* 89 ; *Cases in the Year Books*, 21 *Ed.* 4, 2 ; *and* 15 *H.* 7, 9, *cited in the same case* ; *Cain* agt. *Ingham*, 7 *Cow.* 478, *and note* ; *Carman* agt. *Newell*, 1 *Denio R.* 25 ; *Paddock* agt. *Wells*, 2 *Barb. Ch. R.* 331.) In *Markham* agt. *Lee*, that the sheriff and plaintiff had married sisters ; in 21 *E.*, 4, 2, that the sheriff had married the cousin of the plaintiff, was held good ground of principal challenge. In 15 *H.*, 7, 9, the challenge was that the defendant and the sheriff's daughter had married brother and sister. In *Cain* agt. *Ingham*, the juror's father had married the widow of the defendant's brother. The court assumed that the objection would have been a good

one if the father had been living, but as he was dead, held that there was no *subsisting* affinity. In *Carman* agt. *Newell*, the plaintiff's brother had married the widow of the justice's brother. The court for the like reason, that the widow was dead, and it did not appear that she had left any issue of such marriage, held that there was no *subsisting* affinity *at the time of the challenge*. In *Paddock* agt. *Wells*, the court lays down the rule as we have stated it.

III. The objection of consanguinity or affinity is not a mere personal privilege which may be waived, but it concerns decorum, public policy and the public interest, and may be made by any party entitled to be heard in the action. (*Edwards* agt. *Russell*, 21 *Wend. R.* 63 ; *see p.* 64 ; *Oakley* agt. *Aspinwall*, 3 *Com. R.* 550.) Any party to a suit may always allege any principle of law resting on grounds of public policy and interest, and not intended merely to secure a personal privilege, and may take advantage of such principle. The judge himself of his own mere motion, without the interposition of any party, may and should refuse to sit, if the fact of his disqualification be known to him.

IV. This is a joint action founded upon a supposed common equity against all the defendants. The injunction is joint, based upon that supposed equity. The incompetency of the judge to grant relief upon that alleged common equity against all of the defendants, disqualified him to make this injunction order, by which he decided questions common to all. It is irregular and void, and must be set aside. He cannot sit *in the cause* (2 *R. S.* 275, § 2). The criterion whether he can sit or not, is whether " he would be excluded from being a juror by reason of consanguinity or affinity to *either* of the parties." The case may be compared to a street assessment case, where the objection is constantly allowed.

Wm. Curtis Noyes, *for plaintiff*.

The complaint is sufficient. The affidavit of the defendants does not contain the requisites to the defence of being bona fide purchasers. The statute says "sit" not act, and means hear on the merits, and does not extend to such preliminary proceedings as the granting of orders. All the cases on the other side are of officers summoning jurors. In *Moers* agt. *White* (6 *J. Ch. R.* 360), Chancellor KENT sat where his brother was a party. *In matter of Leefe* (2 *Barb. Ch. R.* 39), Chancellor WALWORTH sat where his brother as register of the court of chancery was a party. In *Dimes* agt. *Grand Junction Canal Co.* (3 *House of Lords Cases,* 759, *see pp.* 785, 790, 791), Chancellor COTTENHAM was a stockholder in the defendant's company and yet sat. His decision was reversed, and the court heard the appeal directly from the vice chancellor. It was held that the order of the chancellor was not void, but only voidable. The injunction cannot be disregarded (*Cunningham* agt. *Bulklin,* 8 *Cow. R.* 178).

Mr. BLISS in reply : The defendants hold certificates of stock signed by the transfer agent of the company, and all the usual evidence of title. It is not necessary that the affidavit of the defendants should contain all the specific allegations of a plea of bona fide purchase of land. It repels all the imputations of the complaint. The cases in our court of chancery cited by the plaintiff, were cases in which the chancellor sat *ex necessitate,* under the constitution, that court being the only path to the court for the correction of errors.

COWLES, J., said, that without considering the other grounds of the motion, the injunction must be dissolved on account of the affinity of the judge who granted the injunction to one of the defendants in the cause.

Injunction dissolved.

Upon the appeal of the plaintiff to the general term of the court, the order dissolving the injunction was affirmed,

but as the court had decided at the same general term on appeal, that the complaint could not be sustained, it became unnecessary to consider the special ground on which the injunction was dissolved on this motion in the court below.