## BURSTON *v.* JACKSON.

### DEED—ESTOPPEL.

The following clause in a deed purporting to be the sole deed of the husband: "And for the consideration aforesaid, and for divers other good and valuable considerations, I, Jannett Burston, wife of the said Alexander Burston, do hereby release and quit-claim unto the said John Spence, his heirs and assigns, all my right, claim or possibility of dower in or out of the afore-described premises," does not operate as a conveyance of an existing or after-acquired estate in fee simple in the land, by estoppel or otherwise.

APPEAL from Washington. The facts are stated in the opinion.

*B. Killin and Thomas H. Tongue,* for appellant.

The deed of the respondent is good as a conveyance. It can be gathered from it that she, in consideration of twelve hundred dollars, intended to part with and convey all her interest in the land. The recitals in the deed are evidence of title as against her. (Civil code, section 765; Statutes of 1878, page 82; *Graham* v. *Meek,* 1 Or., 235.) The instrument should be construed according to the intent of the parties. (*Mathew* v. *Eddy,* 4 Or., 230; *Baldman* v. *Coffin,* 4 Or., 315.)

When it can be collected from a deed that the parties have agreed to a certain admitted state of facts as the basis upon which they contract, the statement of these facts, though only by way of recitals, estops the party from proving the contrary. (Herman on Estoppel, 214; Biglow on Estoppel, 294, 295, 340.)

*Sidney Dell and N. H. Gates,* for respondent.

The deed set out in the answer is but the deed of Alexander Burston, and only conveys his estate, and the dower and possibility of dower of his wife, the respondent, therein; and is not a conveyance by her of her half of the donation land claim, she not being a party thereto in the granting part of

the conveyance. (2 Story Eq., 617; Civil Code, sec. 771; Biglow on Estoppel, 340, 437, 448; *Davis* v. *Davis*, 46 Penn. St., 455; *Glidden* v. *Strupler*, 52 Penn. St., 400.)

By the Court, WALDO, J.:

This is an action of ejectment for the possession of the north half of the donation land claim of Alexander Burston, and Jannett Burston, his wife, situated in Washington county, and containing 137 and 44-100 acres of land. The plaintiff is admitted to be the owner of the land by patent from the United States, unless estopped to assert title thereto under the following circumstances:

On the 4th day of April, 1860, Alexander Burston, in consideration, as recited in the deed, of twelve hundred dollars, conveyed said land to John Spence, in fee simple, with full covenants of warranty. After the warranty clause in the deed, there is the following: " And for the consideration aforesaid, and for divers other good and valuable considerations, I, Jannett Burston, wife of said Alexander Burston, do hereby release and quit-claim unto the said John Spence, his heirs and assigns, all my right, claim, or possibility of dower in or out of the afore-described premises;" and said Jannett joins in the execution of the deed.

The appellant's counsel found it somewhat difficult to state distinctly where the estoppel upon the wife came in. She releases her dower in the premises for a consideration. She had an inchoate right of dower in one-half of the premises to release, and the deed has the effect to release it. She asserts no estate in the land either directly or indirectly. There is no recital of any fact of ownership. There is nothing that even by implication affirms or signifies that she had any estate or title in or to the land, or any right whatever, except an inchoate right or possibility of dower.

She receives a consideration and states what she receives it for—namely, her right, claim or possibility of dower. Dower

is a freehold interest, and the words, heirs or assigns, used in the release, are appropriate.

Section 13, page 407, General Laws of Oregon, 1855, in force at the time the deed was made, provided that a married woman might bar her right of dower by joining in the deed of conveyance with her husband and acknowledging the same. Signing the deed merely would not have been sufficient. There should be apt words of release. (*Powell* v. *Monson*, 3 Mason, 347.)

But the appellant's counsel contend that the deed purported on its face to convey land that in fact belonged to the respondent. That by releasing her dower in the premises, she impliedly assented to the conveyance of her title.

In *Bruce* v. *Wood*, 1 Md., 542, the deed of the wife's land was wholly in the name of the husband until the closing part, which was expressed as follows: "And I, Mary Bruce, in token that I relinquish all my right in said bargained premises," execute the deed. The court held that the wife's title did not pass. She should have joined in the operative words of the conveyance. (*Wales* v. *Coffin*, 13 Allen, 213, is exactly in point.)

Again, counsel for appellant claim an estoppel *in pais*. To establish this they rely wholly upon the deed. An estoppel *in pais*, established by deed, is a contradiction in terms. If there is anything in the deed that operates as an estoppel, it must operate as an estoppel by deed, and we have already seen that the deed cannot have this effect.

The allowance of the challenge to Geo. E. Casey, who was called as a juror, and challenged by respondent, because his wife was a sister of the defendant's wife, was correct. He was related by affinity to the defendant within the second degree. (*Paddock* v. *Wells*, 2 Barb. Ch., 331; *Foot* v. *Morgan*, 1 Hill, 654.)

The judgment of the circuit court must be affirmed.