THE STATE OF FLORIDA *ex rel.* RITA PEREZ *et al.*, RE-
LATOR, VS. JOSEPH B. WALL, JUDGE OF THE SIXTH
JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

Under section 967, Revised Statutes, husbands of an aunt and niece
are so related to each other by affinity as to disqualify the one
from sitting as judge in a case in which the other is an in-
terested party.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the
court.

*Gunby & Gibbons and C. C. Whitaker,* for Relator.

*Sparkman & Carter,* for Respondent.

MABRY, J.:

This is a proceeding by mandamus to compel the
Hon. Joseph B. Wall, Judge of the Sixth Judicial Cir-
cuit, to take cognizance of and determine a certain cause
pending in Hillsborough county, in said circuit, wherein
Solon B. Turman is complainant, and Rita Perez *et al.*
are defendants, and in which it is made to appear that
said judge has refused to act on the ground that he is
disqualified.

The ground of disqualification relied on by the judge
in his answer is that his wife and the father of the wife
of complainant, Solon B. Turman, were brother and
sister of the full blood, and that his, (judge's) wife and
the wife of Solon B. Turman were still living. The
question is whether the husbands of an aunt and niece
of the full blood are so related to each other as to dis-

qualify the one from sitting as judge in a case in which the other is an interested party.

Our statute provides that "no judge of any court shall sit or preside in any cause to which he is a party or in which he is interested, or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties; nor shall he entertain any motion in the cause other than to have the same tried by a qualified tribunal." Revised Statutes, Section 967.

It has been correctly stated that "the common law was watchful over the purity of the jury trial, and to secure the fair administration of justice, guarded against the influence of those passions most likely to pervert the judgment of men in deciding upon the conduct and controversies of their fellowmen." Jaques v. Commonwealth, 10 Gratt. 690. Challenges were allowed to the polls, *in capita*, which were exceptions to particular jurors, and they were also either principal or to the favor. "A third ground of challenge to the polls is *propter affectum*, as that a juryman is of kin to either party within the ninth degree." 2 Tidd's Prac. 853. And this was a principal challenge. The *venire facias* commanded the sheriff to summon twelve good and lawful men of the body of the county, qualified according to law, by whom the truth of the matter might be the better known, and who were in no wise of kin to either party, to make the jury. Ibid. 778. Under this writ, relations by affinity were excluded from the jury, as Lord COKE says affinity in one sense is taken for consanguinity or kindred, as in the writ of *venire facias*; that affinity is a principal challenge of a juror and equivalent to consanguinity when it is between either of the parties, as if the plaintiff or defendant marry the daughter or cousin of the juror, or

the juror marry the daughter or cousin of the plaintiff or defendant, and the same continues, or issue be had. Coke, Litt. 157.

It has been decided by this court that relationship, either by consanguinity or affinity to one of the parties to a suit, within the ninth degree, is, by the common law, a ground of principal challenge of a juror. O'Connor v. State, 9 Fla. 215; Morrison v. McKinnon, 12 Fla. 552. It was held in *Ex parte* Harris, 26 Fla. 77, 7 South. Rep. 1, that affinity is the tie between a husband and the blood relatives of the wife, and between a wife and the blood relatives of the husband, but it does not exist between the blood relatives of either party to the marriage and those of the other, and consequently no affinity existed between a brother of a wife and the brother of her husband, so as to disqualify the husband's brother from presiding in a trial where the wife's brother was charged with crime. The principle stated that no affinity exists between the respective blood relatives of the parties to the marriage, is unquestionably true and was decisive of the case, and it is also true, as a general rule, that affinity only exists between a husband and the *consanguinei* of his wife, and *vice versa*, between a wife and the *consanguinei* of her husband. The dictionaries, generally, define direct affinity to be the relation brought about by marriage between a husband and the kindred of his wife, and between a wife and the kindred of her husband.

Under the rule stated, Judge Wall is related by affinity to Solon B. Turman's wife within the ninth degree, whether we reckon according to the canonical rule or by the civil law, she being the niece of the full blood of the judge's wife, and he could not, of course, preside in a case where she was an interested party; but how stands

it when the niece's husband is a party? It was decided in Kelly v. Neely, 12 Ark. 657, S. C. 56 Am. Dec. 288, that in such a case the judge was disqualified. In Tennessee it was held that a judge was not disqualified by affinity to sit in a case where his wife's sister's husband was an interested party. Judge COOPER, in speaking for the court (Hume v. Commercial Bank, 10 Lea, 1, S. C. 43 Am. Rep. 290), says that "affinity, as distinguished from consanguinity, signifies the relation which each party to a marriage, the husband and the wife, bears to the kindred or blood relations of the other. The marriage having made them one person, the blood relations of each are held as related by affinity in the same degree to the one spouse as by consanguinity to the other;" but " the relationship by affinity does not extend further, and hence the maxim *affinis mei affinis non est mihi affinis*—a person related by affinity to one who is related to me by affinity is not related to me by affinity." The rule stated is all right, but its application to the facts of the case causes us trouble. A judge undoubtedly is related by affinity to his wife's sister, her blood relative, but the sister's husband is not so related under the rule, according to this decision, because he is the *affinis* of his wife. We do not think it can be maintained that a husband is related to his wife by affinity. They are embraced in the definition of neither affinity nor consanguinity, but are regarded in law, as correctly stated by Judge COOPER, as one person. If we undertake to apply the rule of affinity to the relation of husband and wife, we can not exclude the husband from sitting in a case where his wife has the right to sue alone and is an interested party, as they are not related to each other by affinity or consanguinity, and no one would ever suppose that this was permissible. We admit that a de-

cided majority of the American courts, as shown by
cases cited, in applying the rule of affinity have an-
nounced conclusions that would not disqualify a judge
to sit in a case where the husband of his wife's niece was
an interested party (Higbee v. Leonard, 1 Denio 186
Eggleston v. Smiley, 17 Johnson 133; Rector v. Drury,
4 Chand. (Wis.) 24; Chinn v. State, 47 Ohio St. 575, 26
N. E. Rep. 986; Kirby v. State, 89 Ala. 63; 8 South.
Rep. 110; Deupree v. Deupree, 45 Ga. 415; Oneal v.
State, 47 Ga. 229; Johnson v. Richardson, 52 Texas
481; Moses v. State, 30 Tenn. 232; Bigelow v. Sprague,
140 Mass. 425, 5 N. E. Rep. 144; Bank v. Shewey, 4
Watts 218; Chase v. Jennings, 38 Me. 44; Tegarden
v. Phillips, 14 Ind. App. 27, 42 N. E. Rep. 549), but
they proceed upon the theory, it seems to us, that the
relation of husband and wife is one of affinity, and the
rule as to such relation is applied.  We are of opinion
that they should be regarded as one person in law, so
far as the question under consideration is concerned, and
this will disqualify a judge where any blood relative of
his wife, within the ninth degree, or the husband or wife
of such relative is an interested party.  Principal chal-
lenges or to the favor of jurors proceeded upon the
ground that they were biased in favor of one of the par-
ties and thereby rendered unfit to determine the truth
of the matter to be submitted to them.  When they
were inerested in the matter to be tried, or were of kin
to either party in the ninth degree, there was such a
manifest presumption in law of partiality, as to set them
aside as for a principal cause of challenge, and when the
challenge was to the favor it was determined by triers.
Our statute disqualifies a judge when he would be ex-
cluded from being a juror by reason of interest, con-
sanguinity  or  affinity  to  either  of  the  parties,

and whatever interest, consanguinity or affinity that would in law exclude a juror as for principal cause of challenge will disqualify the judge. The statement of the rule by Chitty, in his book on Criminal Law, vol. 1, 541, 542, is as follows: "The third description of challenges are those which arise *propter affectum*; or on the ground of some presumed or actual partiality in the juryman who is made the subject of objection, for the writ, requiring that the jury should be free from all exception, and have no affinity to either party, must evidently include both these grounds of challenge. If, therefore, the juror is related to either party, within the ninth degree, though it is only by marriage, a principal challenge will be admitted." In Mounson v. West, 1 Leonard 88, it is stated that it had been held a principal challenge where the sheriff's wife was sister to plaintiff's wife, and where the brother of the defendant's wife had married the daughter of the sheriff; and it was decided by Chancellor WALWORTH (Paddock v. Wells, 2 Barb. Ch. 331) that "relationship by affinity may exist between the husband and one who is connected by marriage with a blood relative of the wife. Thus, where two men marry sisters, they become related to each other in the second degree of affinity, as their wives are related in the second degree of consanguinity." See, also, note to Cain v. Ingham, 7 Cowen, 478; Marshall v. Eure *et al.*, 1 Dyer 46, and New York and New Haven R. R. Co. v. Schuyler, 28 How. Pr. 187.

Our judgment is that whenever a judge will be disqualified to sit in a case because a blood relative of his wife is a party, he will likewise be excluded when the husband or wife of such relative is a party, as they should be regarded as one person in interest and in law, so far as the matter in litigation is involved. The result is that

the peremptory writ of mandamus will be denied, and it will be so ordered.   As the writ must be denied on the ground stated, we do not consider the propriety of the remedy resorted to in this case.   See State *ex rel.* Burbridge v. Call, decided at this term.   Order to be entered denying peremptory writ.