## CHASE *versus* JENNINGS.

A juror, whose brother is joined in marriage with a sister of one of the parties, is not disqualified to sit in the trial.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.
SLANDER.

After a verdict for plaintiff for nominal damages, a motion was made by his counsel to set it aside, because it was discovered that one of the jurors was disqualified by law to sit in the trial.

The brother of one of the jurors was the husband of a sister of the defendant.

The motion was denied, and exceptions taken.

*Bradbury & Morrill*, in support of the exceptions.

*May, contra.*

TENNEY, J. — The husband and wife, being considered in law as one, when the marriage took place between Peleg Hains and the sister of the defendant, he held the same relationship by affinity to her relatives, that she did; and she stood in the same relation to his relatives. But those sustaining a relationship to *him*, would not hold the same to her relatives; and those related to *her* would not hold the same relation to his relatives. 1 Bouvier, (5th ed.) 80. Under R. S., c. 1, § 3, rule 22, there was no disqualifying interest in the juror. *Exceptions overruled.*

SHEPLEY, C. J., and APPLETON and CUTTING, J. J., concurred.