*Carter & Kinney,* for plaintiff.

*P. Neumann,* for defendant.

---

## REPUBLIC OF HAWAII v. PAHU.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 25, 1895. . DECIDED JULY 11, 1895.

JUDD, C.J., FREAR, J., AND WHITING, CIRCUIT JUDGE, WHO SAT IN PLACE OF BICKERTON, J., ABSENT FROM ILLNESS.

There being evidence sufficient to submit the case to a jury, a motion to discharge the defendant was correctly refused; also the refusal of the motion for a new trial.

OPINION OF THE COURT BY CIRCUIT JUDGE WHITING.

The defendant, with two others, was prosecuted on a charge of larceny, and at the close of the testimony for the prosecution

counsel for defendant Pahu moved the Court to order a verdict for defendant and also to order the defendant discharged, which motions were overruled and defendant duly excepted. The defendant did not rest his case but proceeded with the trial and produced testimony in his behalf. A verdict of guilty was found by the jury against Pahu, to which he duly excepted as contrary to the law and the evidence, and a motion for a new trial based thereon was filed, heard and overruled and exception duly taken.

There is no error in the law charged by the Court to the jury pointed out to us and the law as charged is the law of the case, and the sole question is whether there was evidence to go to the jury.

By Chapter LVI Session Laws of 1892, the jury in all cases shall be the exclusive judges of the facts in suits tried before them, and the judge presiding at any jury trial shall in no case comment upon the character, quality, strength, weakness or credibility of any evidence submitted, or upon the character, attitude, appearance, motive or reliability of any witness sworn in a case. Provided, however, that nothing herein shall be construed to prohibit the Court from charging the jury whether there is or is not evidence (indicating the evidence) tending to establish or rebut any specific fact involved in the cause, nor shall it be construed to prohibit the setting aside of a verdict rendered by such jury in a proper case, as being against the weight of evidence and the granting of a new trial therein.

This Act restricted the powers formerly held and exercised by the judge in instructing the jury and commenting on evidence and witnesses, and throws the whole burden upon the jury to weigh the evidence and credibility of witnesses without assistance from the Court and generally their verdict must stand unless it clearly appears that they, the jury, have abused their powers and judgment, and could not have based their verdict upon the evidence.

From the evidence for the prosecution, it clearly appears that the saddle, the object of the larceny, was stolen, also its

ownership, value and the *venue*; and further that alterations had been made in the saddle by defendant Pahu after its theft; and also the recovery of the saddle from a place of concealment in the house of Pahu.   The saddle was recovered by the Deputy Sheriff from the possession of Pahu who at the time accounted for its being in his possession by saying it came from Ah Lo's and that he, Pahu, paid $15 for it; this was said in the presence of Pahu's daughter, who as a witness, accounts for Pahu's possession of the saddle in a different manner.   (Testimony of Kapela and John Watson).   Further, Kapela, the daughter of Pahu, testified that she bought the saddle of Keliikalaea one of the defendants, and that she told Pahu of her purchase. Pahu denied this (see testimony of John Watson).   Further testimony as to Pahu using the saddle was given by "Honolulu." The story as to the purchase of the saddle from Ah Lo by Pahu was not true.

The mere proof of possession of stolen property is not sufficient to constitute larceny, yet when accompanied by false explanations of its possession, a *prima facie* case is made and it should properly be submitted to the jury.   There was evidence in this case for the Court to have refused to discharge the defendant.

As to the exception to the refusal to grant the motion for a new trial as the verdict was contrary to the law and the evidence, it is sufficient to say that the evidence put on by the defense strengthened the case for the prosecution and no clear ground is shown, that the jury erred in their verdict or abused their powers, there being evidence upon which to submit the case to them.

Exceptions overruled.

*A. G. M. Robertson*, for prosecution.

*S. K. Kane*, for defendant.