*N. W. Aluli* for defendant.

---

## YIM FAT *v.* PATRICK GLEASON.

### No. 1067.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. C. W. ASHFORD, JUDGE.

SUBMITTED MARCH 25, 1918.          DECIDED MARCH 28, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

APPEAL AND ERROR—*exceptions—specific question.*

> The purpose of an exception is to bring to the appellate court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting.

SAME—*same—rejected evidence—record.*

> The appellate court will not consider an exception to the action of the trial court in sustaining an objection to a question asked a witness when the record does not disclose any offer to show what the answer will be and that the answer would be material and competent evidence.

OPINION OF THE COURT BY QUARLES, J.

This, an action of replevin to recover seven pigs, was commenced by the plaintiff in the district court of Honolulu, wherein a judgment in favor of the defendant was entered, from which the plaintiff appealed to the circuit court, where the cause was tried by a jury and a verdict and judgment in favor of the plaintiff for restitution, or if

restitution cannot be had for the value of the property in the sum of $133.10, from which the defendant comes to this court on exceptions. All of the exceptions have been waived by the defendant except the fifth one, which is as follows:

"Exception 5. That upon the direct examination of Patrick Gleason, a witness called and sworn on behalf of defendant, the following question was propounded to said witness, to wit:

"Mr. Lightfoot: Did you have any talk with Mrs. Choy Duck about the ownership of these pigs on the second occasion, in the presence of Yim Fat?

"Mr. Irwin: Objected to upon the ground it is incompetent, irrelevant, and immaterial. ·

"The Court: Sustained.

"Mr. Lightfoot: Save an exception."

This exception must be denied. The purpose of an exception is to bring to the appellate court a specific question of law which the trial court erroneously ruled to the prejudice of the party excepting (*Ripley & Davis* v. *Kapiolani Estate*, 22 Haw. 507). The record does not show that the defendant was prejudiced by the court's refusal to permit the question to be answered. The answer might have been in the negative. The defendant did not offer to show what the witness would answer, and we cannot presume that the answer would have been material or in favor of the defendant, in the face of the objection made and in the absence of a showing as to what the answer would be. "Alleged error in the exclusion of evidence will not be considered, unless the record preserves such evidence for the consideration of the reviewing court, either literally or in substance, and shows that it was offered, and excluded; for what purpose it was offered; that it was material and relevant; the grounds urged against its admission; the grounds of objection to its exclusion, and the grounds upon

which it was excluded. And if the existence of particular facts is necessary to the competency of the evidence offered, these must also be shown. But in some jurisdictions it is held that the grounds of objection are immaterial because the action of the trial court is presumed to have been right, the contrary not appearing" (4 C. J. p. 71, sec. 1661). This court will not consider an exception to the action of the trial court in sustaining an objection to a question asked a witness when the record does not disclose any offer to show what the answer will be and that the answer would be material and competent evidence.

Exception overruled.

*Harry Irwin* and *F. Schnack* for plaintiff.

*Lightfoot & Lightfoot* for defendant.