# TERRITORY *v.* JOHN MARKS AND SEBASTIAN REINY.

## No. 1166.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. W. H. HEEN, JUDGE.

ARGUED NOVEMBER 14, 1919.　　　　DECIDED NOVEMBER 24, 1919.

KEMP, J., AND CIRCUIT JUDGES DEBOLT AND THOMPSON IN PLACE OF COKE, C. J., AND EDINGS, J., ABSENT.

CRIMINAL LAW—*evidence—exhibits.*

In a trial of two defendants indicted jointly of the crime of larceny of one red colored steer it appeared in evidence that certain butchers' tools, some of which were identified as having recently been in possession of one of the defendants, were found in close proximity to where the steer was found tied; that both defendants were seen in close proximity to the tied steer prior to the finding of the tools; that a dog identified as belonging to one of the defendants was baying the steer when first seen and the next morning was lying on the bundle of tools. Held, that under these circumstances it was not error to admit the said tools as exhibits in the case.

TRIAL—*instructions.*

Where the court has given an instruction sufficiently covering the points covered by a requested instruction it is not error to refuse the same although in itself correct.

SAME—*same—larceny—ownership.*

Where an indictment for larceny alleges ownership of the steer alleged to have been stolen in A it is necessary to prove that fact as alleged to authorize a conviction and an instruction which authorizes a conviction without proof of ownership as alleged is error.

SAME—*same—same—felonious intent.*

Under our statute defining larceny the felonious taking required is a taking with the intent to deprive the owner of the thing taken and to appropriate it to the use of the one taking and an instruction which authorizes a conviction, if the taking was with the mere intent to deprive the owner of the possession of the thing and without any intention of appropriating it to the use of the one taking, is error.

OPINION OF THE COURT BY KEMP, J.

The defendants John Marks and Sebastian Reiny were indicted jointly for the offense of larceny in the first degree. The indictment charges that they "on the seventeenth day of March in the year of our Lord one thousand nine hundred and eighteen did unlawfully and feloniously steal, take and carry away a certain thing of marketable, saleable, assignable and available value, to wit, one red colored steer of the value of one hundred dollars ($100) of the goods, chattels and property of the Oahu Railway & Land Company, Limited, a corporation, existing under and by virtue of the laws of the Territory of Hawaii, and did then and there and thereby commit the crime of larceny in the first degree." At the trial both defendants were convicted of larceny in the first degree and are here upon exceptions complaining of the admission of certain evidence, of certain instructions given to the jury by the court and of the overruling of their motion for a new trial.

Exceptions numbered 1, 2 and 3 complain of the admis-

sion in evidence of certain butchers' tools which were found by the police officer making the arrest and others under the following conditions, as shown by the evidence. By the evidence of at least two witnesses some of the tools which were admitted in evidence as exhibits were identified as the same tools which a short time prior to the time of their finding were in the possession of the defendant Marks. There was also evidence to the effect that on the afternoon of the day preceding the day on which the tools were found the defendant Marks was seen in the immediate vicinity of where the tools were found in a buggy in which a bulky bundle was observed covered over with a rain coat and that within a few minutes, not exceeding a half hour, after he was seen in that vicinity with the bundle in his buggy he was again seen in the same buggy with the bundle missing, only the rain coat remaining. It also appears that on the same afternoon the police officer who made the arrest, in company with other officers, saw the defendant Reiny in the same vicinity on horseback in close proximity to the red steer, the subject of the alleged larceny, said steer being tied with his head close up to a large kukui tree, and that at said time a dog, also identified by the evidence of some of the witnesses as belonging to the defendant Reiny, was baying the steer. It further appears that upon the following morning when the same police officer, in company with Mr. Louis D. Warren, the manager of the Honouliuli ranch, visited the place where the steer was found tied, they found the tools which have been admitted in evidence as exhibits in close proximity to the place where said steer was tied and that the same dog, observed on the afternoon of the previous day baying the steer, was lying upon the bundle of tools.

The particular objection of the defendants to the admission of these tools in evidence is that there was no evidence connecting the defendants or either of them with the

ownership or possession of said tools. With this contention we cannot agree. If the possession of the tools by the defendants or either of them were a material fact to be found by the jury the facts which we have related would be sufficient to require the submission of that issue to the jury for their determination and were certainly sufficient to authorize their reception as evidence in the case.

Exception number 4 complains of various instructions given in behalf of the prosecution and of the refusal of the court to give various instructions requested by the defendants. Those instructions which the court refused to give at the instance of the defendants consisted of instructions defining "reasonable doubt" and "circumstantial evidence." We shall not set out the instructions refused nor those given by the court. Some of the instructions requested and refused were correct but their substance had already been given by the court in other instructions given at the request of the prosecution or of the defendants. Where the court has already given an instruction sufficiently covering the points covered by a requested instruction it is not error to refuse the same.

Of the instructions given at the request of the prosecution number 9 is as follows: "I further instruct you, gentlemen of the jury, that if you believe beyond a reasonable doubt from the evidence in this case that these defendants either removed the red colored steer mentioned in the indictment in this case from the property of the owner thereof with the intent to deprive the owner of the possession thereof or that the said defendants tied up the said steer with the intention of depriving the owner of the possession thereof and that the said steer was of the value of more than $50.00, then it is your duty to find these defendants guilty as charged." This instruction was excepted to by the defendants and the exception is included in their bill of exceptions. This is the last instruction given at the

request of the prosecution and is a summing up of what will be sufficient to authorize a conviction of the defendants. No other instruction given by the court summarizes what would be sufficient to authorize the conviction of the defendants except special instruction number 4, given at the request of the prosecution, and to which no exception was taken, said instruction number 4 being as follows: "I further charge you that the defendants in this case are charged with the larceny of one red colored steer of the value of one hundred dollars ($100) and if you believe beyond a reasonable doubt that these defendants or either of them did unlawfully and feloniously steal, take and carry away a red colored steer of the value of more than one hundred dollars ($100) you should find such defendant or defendants guilty as charged." If the instruction complained of authorizes a conviction of the defendants or either of them without the prosecution having proven every element of the offense as charged then it was error to give said instruction and the exception will have to be sustained.

Our statute defines larceny as follows: "Larceny or theft is the feloniously taking anything of marketable, saleable, assignable or available value belonging to or being the property of another." Sec. 3918 R. L. 1915. In 25 Cyc. at 10 larceny is defined as follows: "Larceny is the taking and carrying away of the mere personal goods of another with intent to steal the goods." Various other definitions of larceny are given in the foot-note to the above text taken from text books and decisions of the various States, some of which we give as follows: "The fraudulent taking and carrying away of a thing without claim of right with the intention of converting it to a use other than that of the owner." Wharton, Crim. L., Sec. 862. "The taking and removing by trespass of personal property which the trespasser knows to belong either generally

or specially to another with the felonious intent to deprive him of his ownership therein, and, perhaps it should be added, for the sake of some advantage to the trespasser." 2 Bishop, Crim. L. Sec. 758. "Knowingly taking and carrying away the goods of another without any claim or pretense of right, with intent wholly to deprive the owner of them, and to appropriate or convert them to his own use." *State* v. *South,* 28 N. J. L. 28, 29, 74 Am. Dec. 250; Archbold Crim. L. 119 (quoted in *State* v. *Chambers,* 22 W. Va. 779, 785, 46 Am. Rep. 550).

From our statute it will be seen that the terms "larceny" and "theft" are used synonymously. In 38 Cyc. 272 theft is variously defined as follows: "Taking property of another from the possession of the owner with intent to defraud; the felonious taking and carrying away of the personal property of another with the intent to convert it to the use of the taker without the consent of the owner; the fraudulent taking of property with intent to deprive the owner of the value of the same and to appropriate it to the use of the person taking it; the fraudulent taking of personal property from another with the intent to appropriate the same to the taker's own use." These various definitions are taken from decisions cited in the foot-note.

In considering the question of whether or not the instructions complained of authorized the jury to find the defendants guilty without first having determined all of the necessary facts against them we are confronted with the necessity of deciding whether or not the instruction required them to find that the red colored steer which the defendants are charged with having stolen was the property of the Oahu Railway & Land Company. The only language used in the instruction which could have that meaning is the following: "the red colored steer mentioned in the indictment in this case." Nowhere is the alleged owner mentioned in this instruction. It might be

possible if this were the only instruction given summarizing the things necessary to be found in order to convict the defendants that this would be sufficient, but in special instruction number 4, given at the request of the prosecution, the jury were told that they should convict the defendants if they found that they did "unlawfully and feloniously take and carry away a red colored steer" without any language which could be construed as confining it to the red colored steer described in the indictment and owned by the Oahu Railway & Land Company, Limited. The indictment having alleged the ownership of the Oahu Railway & Land Company, Limited, it was necessary to prove this fact and the jury should have been so instructed.

This instruction we think is also subject to the further criticism that it does not properly inform the jury with what intent the defendants must have taken the steer in question in order for the taking to constitute larceny. It will be seen from a reference to our statute defining larceny that the taking required is the "feloniously taking." The felonious taking required, as shown by the many definitions which we have quoted, is a taking with the intent to deprive the owner of the thing stolen and to appropriate the same to the use of the one taking. This instruction authorized the jury to convict if they found that the property was taken with the intent to deprive the owner of the mere possession and without any intention of appropriating the same to the use of the taker. And it seems to us that the said instruction is subject to one further criticism and that is that the jury were authorized to convict the defendants without finding that they were the original takers of the steer in question or even assisted or countenanced or advised such taking. The language to which we refer is as follows: "or that the said defendants tied up the said steer with the intention of depriving the owner of the possession thereof and that said steer was of the value

of more than $50 it is your duty to find these defendants guilty as charged." We think this language last quoted authorized the jury to find the defendants guilty if they were found in possession of· the stolen property even though neither of them was shown to have had any part in the taking of the steer in question. This court has held that the mere possession of stolen property does not constitute sufficient evidence upon which to convict the party found in possession of the stolen property of the crime of larceny. *Republic* v. *Pahu*, 10 Haw. 74.

We think therefore that exception number 4 should be sustained and it is so ordered.

*C. M. Hite,* Second Deputy City & County Attorney (*W. H. Heen,* City & County Attorney, with him on the brief) for the Territory.

*W. T. Rawlins* for defendants.