## TERRITORY *v.* LEONG KUN, LEE WAH CHUN AND LEE CHEE.

## No. 1636.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED MARCH 11, 1926.                    DECIDED APRIL 19, 1926.

PERRY, C. J., LINDSAY, J., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF BANKS, J., DISQUALIFIED.

EVIDENCE—*offer of proof—sufficiency of.*
    If a party, excepting on account of the rejection of evidence, does not cause his offer of proof to be recorded in plain and unequivocal terms he has no right to insist in the appellate court that the court draw inferences as to what said offer was.

CRIMINAL LAW—*instructions—flight of accused.*
    An instruction explaining to the jury the theory upon which evidence of the flight of the accused after commission of the offense is received, held not error although the defendant did testify that he fled because he feared that he would be attacked

Opinion of the Court.

.by friends of the complaining witness. Such instruction does not violate the statute which prohibits the court from commenting upon the evidence.

SAME—*instructions.*

When the court has already given an instruction sufficiently covering the points covered by a requested instruction it is not error to refuse the same.

SAME—*assault—assault with a weapon, etc.*

When in an indictment it is alleged that defendant did shoot off and discharge a revolver at and against the complaining witness, the indictment containing no allegation of an actual infliction of a corporal injury upon the complaining witness, and it appearing from the evidence that the complaining witness did sustain a corporal injury, defendant is not entitled to an acquittal on the ground of variance.

OPINION OF THE COURT BY LINDSAY, J.

Under an indictment against Leong Kun, Lee Wah Chun and Lee Chee, charging them with assault with a weapon obviously and imminently dangerous to life upon one Ho Tim, the defendant Leong Kun was found guilty, the two other defendants being acquitted. Leong Kun brings the case here on exceptions, under which it is urged that the court erred in excluding certain evidence offered on behalf of defendant; in giving certain instructions for the prosecution and refusing to give certain instructions requested by defendant; and that the verdict of the jury was contrary to the law and the evidence.

Taking these exceptions in the order named, it is contended by defendant that, the defense interposed to the charge being self-defense, it was competent for defendant to show that the complaining witness, and not the accused, was the aggressor, and that therefore evidence of threats made by the complaining witness, even though uncommunicated to defendant, were admissible. The assertion of defendant is that he made an offer to prove that the complaining witness, shortly before the assault, made threats of violence against defendant, and that the

trial court rejected the said offer of proof, which rejection constituted prejudicial error, entitling defendant to a new trial.

All that occurred in connection with this exception had to do with the examination of a witness named Lee Young, called by the defense, who testified that, on the morning of the alleged assault, he had met the complaining witness. The transcript then shows the following: "Q What if anything did you hear Ho Tim say at that time? Mr. Ashford: We object to that, anything that he said would be hearsay. (recess) Mr. Brown: This witness was called for the purpose of showing on the morning in question, before Ho Tim and Wong Mun and Lau Ping Lum left the store, the store of Wong Mun, to go up to the newspaper office, on Maunakea street the second time, Ho Tim makes this remark in the presence of the witness I have called, 'If Leong Kun doesn't publish or cause to be published our article that we have written we shall see that he gets properly licked.' The Court: Was that connected—or was that communicated to any of these defendants? Mr. Brown: No. The Court: Then that would not be competent. Mr. Brown: It was communicated to the defendants five or six days afterwards. (jury retire) Mr. Brown: (argues) (jury return) Mr. Brown: I will withdraw the witness. I will make the offer of proof made to your honor in the absence of the jury. The Court: I don't think the evidence is competent. (Exception by defendant)"

From the record above set out it appears that counsel for defendant told the court that the witness Lee Young was called for the purpose of showing that, on the morning in question, the complaining witness had made a statement which the defendant construes as a threat of personal violence towards the defendant. The objection to this evidence, on the part of the prosecution, was that

it was hearsay, and the court, after being informed by counsel for defendant that the alleged threat had not been communicated to defendant, sustained the objection. No exception to this ruling was taken. At this point the jury was excused, and during its absence, attorney for defendant argued to the court. The record is silent as to what was said during this argument, but, from the remarks of counsel, it may be assumed that, during the absence of the jury, counsel made some sort of an offer of proof to the trial court. On the return of the jury counsel said: "I will make the offer of proof made to your honor in the absence of the jury." On the strength of this remark we are now called upon by defendant to say that, although the record is silent as to what offer of proof was actually made, such offer was in fact an offer to prove certain things now contended for by defendant. It is doubtful whether the statement of counsel as to the purpose of calling the witness Lee Young, may be construed as a sufficient offer of proof, but, even if it may be so construed, that offer had been disposed of by its rejection by the court, and no exception having been saved to this ruling, this court is not now, on the bare assertion of counsel for defendant, at liberty to infer that another and proper offer of proof, similar in tenor to the rejected offer, was made. If a party, excepting on account of the rejection of evidence, does not cause his offer of proof to be recorded in plain and unequivocal terms he has no right to insist in the appellate court that the court make inferences as to what such offer of proof was. (See *Daniels* v. *Patterson,* 3 N. Y. 47.) "Alleged error in the exclusion of evidence will not be considered, unless the record preserves such evidence for the consideration of the reviewing court, either literally or in substance, and shows that it was offered and excluded; for what purpose it was offered; that it was material and

relevant; the grounds urged against its admission; the grounds of objection to its exclusion, and the grounds upon which it was excluded. And if the existence of particular facts is necessary to the competency of the evidence offered, these must also be shown." 4 C. J. p. 71, sec. 1661, quoted with approval in *Yim Fat* v. *Gleason*, 24 Haw. 210, 211, 212. In the state of the record we are unable to say that the trial court erred as alleged in this exception.

The next exception covers the giving of certain instructions for the prosecution and the failure to give certain instructions requested by defendant. At the request of the prosecution and over defendant's objection, the trial court instructed the jury that "Where evidence of flight has been admitted such evidence is admitted on the theory that the defendant was in fear of the consequences of his act and was attempting to escape therefrom; I instruct you that the inference that may be drawn from flight is strong or slight according to the facts surrounding the party at the time and is a circumstance which you may consider with all the other facts and circumstances in the case giving it such weight as you think it entitled to receive."

The prosecution produced evidence tending to show that, early on the morning of the alleged assault, Ho Tim, the complaining witness, went to the office of a Chinese newspaper called the "Ho Mun Bo" leaving there for publication an article that had been written. About nine o'clock of the same morning, in response to a telephone message from Lee Chee, one of the original defendants, Ho Tim again went to the newspaper office with two companions. When they arrived some objections were made by the defendant, Leong Kun, to the publication of the article in question, Leong Kun being manager of the newspaper concern. The complaining witness in-

sisted that the article be published, whereupon a wordy war ensued. Finally defendant ordered the complaining witness and his two companions out of the office, and, upon their refusal to go, drew a pistol and pointed it at the complaining witness who grabbed the pistol and tried to deflect its aim, but the shot was fired and took effect in the abdomen of complaining witness. Complaining witness was taken first to the city emergency hospital and thence to the Queen's Hospital where he was kept for over ten days. After the shot was fired the companions of complaining witness took the pistol away from defendant, using considerable force for that purpose. Defendant then fled from the scene of the conflict and remained in hiding until the following day. Witnesses for the prosecution swore that neither the complaining witness nor his companions made any attack whatever upon defendant nor had they weapons of any description.

The version of the defendant and his witnesses was that the complaining witness, and not defendant, was the aggressor, and that defendant shot the complaining witness in self-defense. According to the defendant and several of his witnesses the complaining witness, with a large number of other men, came rushing excitedly upstairs into the newspaper office, the complaining witness rolling up his sleeves and immediately beginning to call defendant vile names and threatening physical violence upon defendant; complaining witness insisted upon the publication of the article he had left that morning; defendant did not refuse to have the article published but simply suggested some corrections in the same; finally complaining witness drew an iron bar about fourteen inches long out of a paper in which it had been wrapped and struck defendant over the hand; complaining witness then struck at defendant again, hitting him over the head, and defendant, fearing serious injuries, shot the com-

plaining witness; the companions of the complaining witness then attacked defendant and defendant therefore fled and took refuge in a neighboring toilet where he remained until midnight when he went to the home of a friend and stayed there until the following afternoon when his attorney came, whereupon, on the advice of his attorney, he went to the police station and gave himself up. Defendant testified that the reason he fled and remained in hiding was that he was in fear of being assaulted by the friends of the complaining witness.

It is contended by counsel for defendant that, inasmuch as the evidence of the defendant explained the reason of his flight, it was error on the part of the trial court to instruct the jury in the manner it did concerning the flight, and that such instruction violated section 2426, R. L. 1925, which prohibits the court from commenting upon the character, quality, strength, weakness or credibility of any evidence submitted. We are unable to agree with this contention. In the instruction complained of the court did not comment upon the character, quality, strength, weakness or credibility of the testimony concerning the alleged flight of defendant, but properly explained to the jury that it might draw from the evidence regarding the alleged flight, together with all the other evidence in the case, such inference as the jury might think the facts and circumstances warranted.

Under this exception it is further urged that the court erred in refusing to give defendant's requested instructions Nos. 6, 7, 8 and 11, which read as follows:

"No. 6. The defendant Leong Kun, relies upon the law of self-defense, which is the law of necessity, and to which the defendant Leong Kun, may have recourse under certain circumstances to prevent any reasonably apprehended great injury which he may have reasonable grounds to believe is about to fall upon him. If you believe from

the evidence that this defendant Leong Kun, at the time and place in question and under all the circumstances known to him had reasonable cause to apprehend a design and intent upon the part of the complaining witness and those present with the complaining witness to do him some great personal injury, and that there was reasonable cause to apprehend immediate danger of such design and intent being carried out, and that the defendant Leong Kun, to prevent the accomplishment of such design and intent shot the complaining witness, then you must find the defendant Leong Kun not guilty."

"No. 7. If a person is assaulted, being himself without fault, and reasonably apprehends great bodily harm and injury to himself unless he prevents the assailant from carrying out the apprehended design, and he does seek to prevent his assailant by shooting such shooting is excusable or justifiable, and if you believe from the evidence that the defendant Leong Kun, was assaulted by the complaining witness in such a manner as to cause him to believe as a reasonable man that he was in imminent danger of suffering great bodily harm from such assault, and that he did so believe, and while so believing he did shoot the complaining witness, you must find the defendant Leong Kun, not guilty."

"No. 8. If you believe from all the evidence and circumstances of the case that the situation was such as to excite the fears of a reasonable man in the situation of the defendant Leong Kun, that he was being assaulted and that serious bodily injury was about to be inflicted upon him, by the complaining witness, and that he acted under the influence of such fear and that, reasonably and honestly, for the purpose of preventing great bodily injury to himself or to disable his assailant he shot the complaining witness, you must find the defendant Leong Kun not guilty."

"No. 11.   I instruct you that if you believe from the evidence in this case that the complaining witness Ho Tim committed an assault or an assault and battery upon the defendant Leong Kun with a piece of iron, or iron bar or iron pipe, and that said complaining witness was the aggressor, and that the defendant Leong Kun, to protect himself from this assault and to prevent himself from serious bodily injury at the hands of complaining witness, shot the complaining witness with a revolver in self-defense, you will find the defendant, Leong Kun, not guilty.

"Also, if you have any reasonable doubt arising in your minds from all the evidence as to whether or not the defendant, Leong Kun, shot the complaining witness in self-defense, you must give the defendant, Leong Kun, the benefit of such doubt and find him not guilty."

Although the court did refuse to give the first paragraph of instruction No. 11 it did give the last paragraph of that instruction.

The court at the request of the prosecution instructed the jury as to the law of self-defense as follows: "I further instruct you that self-defense, in proper cases, is the right of every person.   It may be resorted to by anyone who is violently assaulted by another in such a manner as to cause the person so assaulted in good faith to believe that he is in immediate danger of either being killed or of receiving great bodily harm from his assailant, however, it must appear that the circumstances were sufficient to excite the fear of a reasonable person similarly situated and that these defendants were acting in good faith during the situation and circumstances from their standpoint and that they really acted upon the influence of such a fear and not in the spirit of illwill, hatred or revenge.   The law of self-defense is a law of necessity pure and simple.   It is not an offensive law but

a defensive law. Where an assault is made, the right to resist exists, but the resistance must be in proportion to the danger which is apprehended. A person cannot be justified in using a weapon obviously and imminently dangerous to life excepting in extreme cases and no more force can be used in resisting an assault than the circumstances reasonably indicate to be necessary, and where such additional force is used the one assaulted then becomes the aggressor and is guilty of the unnecessary injury he commits; nor can one claim its benefits after he has intentionally put himself where he knows or believes he will have to invoke its aid. Circumstances justifying assault in the law of self-defense must be such as to render it unavoidable and if you believe from the evidence that these defendants could have avoided any conflict between themselves and Ho Tim without increased danger to themselves, it was their duty to avoid such conflict and so render their resort to the law of self-defense unnecessary." The court also gave the last paragraph of defendant's requested instruction No. 11 as follows: "Also, if you have any reasonable doubt arising in your minds from all the evidence as to whether or not the defendant, Leong Kun, shot the complaining witness in self-defense, you must give the defendant, Leong Kun, the benefit of such doubt and find him not guilty."

In the instructions above set forth the trial court clearly explained to the jury the law relating to self-defense applicable to the circumstances surrounding the instant case, and it was not necessary that the law of self-defense should be again expounded to the jury in the very language of the instructions requested by defendant. "Some of the instructions requested and refused were correct but their substance had already been given by the court in other instructions given at the request of the prosecution or of the defendants. Where the court has

already given an instruction sufficiently covering the points covered by a requested instruction it is not error to refuse the same." *Territory* v. *Marks*, 25 Haw. 219, 222. It is doubtful indeed whether the defendant was entitled at all to the instructions requested, for, in none of these instructions was one of the elements of self-defense suggested, namely, the duty of a person, who seeks to justify an assault by a plea of self-defense, to avoid a conflict by all reasonable means within his power.

We are of the opinion that the trial court, having so fully and fairly instructed the jury as to the law of self-defense, committed no error in refusing to give the instructions requested by the defendant.

The last exception is that the verdict is contrary to the law and the evidence. Under this exception defendant asserts that he is entitled to a new trial because the indictment does not contain an allegation of an actual infliction of a corporal injury upon the complaining witness, but simply charges that defendant did shoot off and discharge the revolver at and against the complaining witness, and it appearing from the evidence that the complaining witness did sustain a corporal injury, this amounts to a variance which entitles defendant to an acquittal. This contention is untenable.

The exception that the verdict is contrary to the law and the evidence is overruled, for there is ample evidence to sustain the verdict. All of the exceptions are overruled.

*H. Hathaway,* City and County Attorney, *N. D. Godbold,* Deputy City and County Attorney, and *H. K. Ashford* for the Territory.

*Brown, Cristy & Davis* for defendant Leong Kun.