**PORSBERG, Plaintiff-Appellee v. KLEIN, Admr., et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 18906. Decided November 16, 1942.

Robert Merkle, Cleveland, and William F. Waldeisen, Cleveland, for plaintiff-appellee.

Simon J. Friedman, Cleveland, and Harry L. Deibel, Cleveland, for defendants-appellants.

## OPINION

By MORGAN, J.

This action was filed in the probate court of Cuyahoga county to determine the heirs at law of L. C. Johnson who died on September 29, 1938, and whose estate is in process of administration in that court. Johnson died intestate, unmarried, and without direct descendants.

The defendant, Robert A. Klein, is a son of Anna Klein, deceased, who was the full sister of L. C. Johnson. It is admitted by the parties herein that he is an heir of his uncle, L. C. Johnson.

The plaintiff, Edward C. Porsberg, also claims that he is an heir entitled to one-half of the estate of the deceased, for the reason that he is a son of Claus Carl Porsberg who died in 1892 and who was a half-brother of L. C. Johnson.

It is conceded in this case that L. C. Johnson and Claus Carl Porsberg, plaintiff's father, had the same mother, Catherine Johnson (nee Rede) who was born in Germany and after immigrating to the United States married John C. Johnson. The children of this marriage were L. C. Johnson, the decedent and Anna Klein, the mother of defendant, Robert A. Klein.

Before leaving Germany, Catherine Johnson, then named Catherine Rede, gave birth to two sons of whom one Carl Porsberg was the father. The older of the two sons went to sea and all track of him was lost. Claus Carl Porsberg, plaintiff's father, was the second son.

Defendants admit that under §10503-6 GC, those of the half blood inherit equally with those of the whole blood, but they further allege that plaintiff's father, Claus Carl Porsberg, was an illegitimate child of Catherine Johnson (nee Rede) and that because his father was an illegitimate child, the plaintiff cannot be considered an heir of L. C. Johnson, the decedent.

The probate court came to the conclusion in this case, as stated in its opinion, that "Carl Porsberg was married to Catherine Rede Johnson; that Claus Carl Porsberg was the legitimate son of said union, and that Edward C. Porsberg, the son of Claus Carl Porsberg, is entitled to inherit from the estate of his uncle, L. C. Johnson."

The principal evidence relied on by the defendants to prove that Claus Carl Porsberg was born out of wedlock was a certificate, the original of which is in German, and the translation of which is as follows:

"Born Claus Carl Porsberg, P-o-r-s-b-e-r-g-e, illegitimate son of Catherine Christina Rede, daughter of the laborer, Claus Henricksen Rede. in Alt Hadersleben. My father is named the journeyman cabinet maker, Carl Porsberge from Halberstadt. The child was born in Alt Hadersleben, September 7, 1859. Signed at Haldersleben, February 25th, 1914. Prahl. P r a h l, Minister."

Counsel for the defendants conceded that if the defendants had procured the above certificate and had offered it in evidence to prove the illegitimacy of the plaintiff's father, it should have been excluded because not properly authenticated. **Naegle v. State, 17 Oh St 453;** but counsel further maintain that the circumstances under which they obtained knowledge of the certificate make it admissible as evidence of the truth of the statements contained in the certificate.

The proof shows that at a conference in which the plaintiff and his attorney and one of defendant's counsel were present, the original certificate was produced by the plaintiff. It is admitted that at this meeting defendants' counsel was told by plaintiff that the latter had procured the certificate from Germany some years ago.

Defendants' attorney testified that at this meeting the plaintiff admitted the illegitimacy of his father but this was denied by the plaintiff. The defendants offered the certificate in evidence at the trial, as a part of the cross-examination of the plaintiff, and it was excluded by the trial judge because "the minister, Prahl, was not identified in any way, and the certificate was not authenticated."

It is our opinion that the above facts may have made the certificate admissible as a part of the cross-examination of the plaintiff, but solely as explanatory of plaintiff's evidence, or as bearing on his credibility, but not as evidence of the truth of the statements made in the certificate. The fact that the certificate was obtained from Germany by the plaintiff and shown by him to defendants' counsel, does not cure the defect of its non-authentication. While there is no direct evidence in the record of the marriage of Catherine Rede to Claus Carl Porsberg in Germany, with the certificate excluded there is but little evidence in the record to sustain defendants' claim of the illegitimacy of the plaintiff's father.

One witness testified that Catherine Rede Johnson told her definitely that she had been married to Claus Carl Porsberg in the old country. On cross-examination, the witness was asked:

"Did she tell you she was married to Carl's father?"

The witness answered:

"She surely did. Positively."

We do not deem it necessary to review the additional evidence in the record to prove the legitimacy of plaintiff's father which was considered by the probate court. With the above certificate excluded or admitted only for the special purpose above set forth, we find in the record no good

reason for disturbing the finding of the probate court that the plaintiff's father was born of parents in lawful wedlock.

If the proof had shown plaintiff's father to have been an illegitimate child, we do not find that there are any Ohio decisions on the question whether the plaintiff in that event would still be entitled to inherit from the estate of his uncle, L. C. Johnson. In view of the fact that the finding that plaintiff's father was legitimate was made without giving any weight to the statements made in the certificate, we think it desirable that this court express its opinion on this question.

It is admitted that originally in Ohio, illegitimate children had no rights of inheritance whatsoever. The law in Ohio as to permitting illegitimate children or bastards to inherit has been liberalized by three successive acts of the General Assembly of the State. The first Ohio statute was enacted in 1831 (29 O. L. 254), the second in 1853 (51 O. L. 499) and then in 1867 (64 O. L. 105) the statute was amended to read as it does at present, (§10504-14 GC), as follows:

"Bastards shall be capable of inheriting or transmitting inheritance from and to the mother, and from and to those from whom she may inherit, or, to whom she may transmit inheritance, in like manner as if born in lawful wedlock."

Under the above statute, counsel for defendants contend that with reference to the estate of L. C. Johnson "even Claus Carl Porsberg could not have inherited and a fortiori it follows that plaintiff, his son, cannot inherit."

Our opinion is to the contrary. By §10503-14 GC, "bastards shall be capable of inheriting * * * from and to the mother **and from** * * * **those from whom she may inherit.**"

As Catherine Johnson, the mother, could have inherited from her son, L. C. Johnson, had she survived him, in the absence of closer heirs, it is clearly provided in the above section that Claus. Carl Porsberg, even if found to have been an illegitimate child, could have inherited from his half brother, L. C. Johnson, had the former survived the latter. No good reason can be given why the plaintiff has not succeeded to all of the rights of his father in the estate of the father's half brother.

It was the evident intention of the framers of §10503-14 GC, to remove the disabilities of illegitimates in inheriting from their mother, and from any others from whom the mother could inherit. It is our opinion that the statute should be given a liberal construction to accomplish the purposes for which it was passed.

It follows that even if defendants had been successful in proving that plaintiff's father was born out of wedlock, they would not

succeed in this case in preventing plaintiff from inheriting his proportionate share of the estate of his uncle, L. C. Johnson.

The judgment is affirmed. Exceptions noted.

LIEGHLEY, P. J., and SKEEL, J., concur.