TERRITORY OF HAWAII *v.* GEORGE K. WRIGHT.

No. 2498.

SUBMITTED NOVEMBER 17, 1944.       DECIDED DECEMBER 18, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This case is before us on defendant's bill of exceptions.

The defendant has abandoned exceptions 1, 3 and 4 and relies upon exceptions 2, 5, 6, 7, 8, 9, 10 and 11, under which he specifies error, as follows:

1. The court erred in sustaining the prosecution's challenge to juror David Pokini Ellis for cause (Ex. 2);

2. The court erred in requiring defendant to give secondary evidence as to his conviction of heedless driving without proof of unavailability of court record or that it could not be produced (Ex. 5);

3. The court erred in denying defendant's motion for a new trial (Exs. 6, 7, 8 and 9);

4. The court erred in denying defendant's motion to set aside the verdict, judgment and sentence, and for a new trial on account of the misconduct of the jury (Exs. 10 and 11).

The alleged errors will be considered in their order.

SPECIFICATION OF ERROR NUMBER 1 (Ex. 2)

David Pokini Ellis, having been drawn as a juror, dis-

closed in response to questions by the prosecution that defendant's sister was the wife of the juror's brother; that said couple had a son; that the child's parents are divorced, and their son lives with the prospective juror. Counsel then asked the prospective juror the following question: "Do you still recognize that relationship formerly formed between you and the family of the defendant himself because of the union between your brother Willie and his sister?" to which he answered "I do."

The prosecution challenged the juror for cause, basing his challenge on the relationship of the parties disclosed by the juror. The court sustained the challenge over the objection of the defendant and the defendant duly excepted.

The defendant relies upon *The King* v. *Kuheleaumoku*, 3 Haw. 381, which cited as its authority *Chase* v. *Jennings*, 38 Maine 44, in which it was held that although the brother of the juror was the husband of a sister of the defendant, the juror and the defendant were not related and the juror was not therefore disqualified.

Section 84 of our Organic Act provides that no person shall sit as a juror in any case in which his relative by affinity or by consanguinity within the third degree is interested, either as a plaintiff or defendant. Sections 3710 and 3711, Revised Laws of Hawaii 1935, add other disqualifications, none of which is pertinent to this case. If the juror and the defendant are related, it is by affinity. Bouvier's Law Dictionary defines affinity as "The connection existing, in consequence of marriage, between each of the married persons and the kindred of the other." In applying the above definition, Bouvier says that "the relations of my wife, her brothers, her sisters, her uncles, are allied to me by affinity, and my brothers, sisters, etc. are allied in the same way to my wife. But my brother and the sister of my wife are not allied by the ties of affinity."

Unless the fact that the juror and the defendant are each an uncle of the son of the defendant's sister and the juror's brother, coupled with the fact that the son lives with the juror creates an affinity between the defendant and the juror, it is clear that no affinity was shown. There is no showing that the juror had adopted or otherwise obtained legal custody of his nephew. The evidence is merely that the nephew "lives with" the juror, his uncle.

Cases in which the challenge of a juror by the appealing party is overruled have no application to a case where the juror is rejected upon being challenged by the successful party. This court, in *Rep. Haw.* v. *Kapea*, 11 Haw. 293, quoted with approval from Thompson & Merriam on Juries, section 271, as follows: "Where a cause has been tried by an impartial jury, although the judge, on the application of one of the parties and against the consent of the other, may have rejected a juror for a cause of questionable sufficiency, such rejection does not afford a ground of complaint, if justice has been done in the premises. In other words, while the disallowance of a cause of challenge will work a reversal of the judgment, an improper allowance of a cause of challenge will not necessarily have this effect. A qualified juror may be rejected, and still a jury of lawful men, against whom there is no objection may be obtained."

In the *Kapea* case the court also cited with approval *Sutton* v. *Fox*, 45 Wis. 531, which held that though the statutes expressly confer upon a trial judge the power to exclude from a jury a person drawn, only upon the ground that he is related to one of the parties, or that he has formed or expressed an opinion as to the merits of the case, or has some bias or prejudice therein, jurors may nevertheless be set aside for other reasons and that the power to exclude jurors for other reasons is to be exercised in the discretion of the trial judge and in only a clear case

of the abuse of the power will his decision be disturbed. The opinion in *Sutton* v. *Fox* quoted from 10 Smith, Cond. Rep. 240 (Ala.), as follows: "Of all the discretionary powers of the court this would seem to be the least liable to abuse, as it is altogether conservative. Its exercise is confined to the exclusion of improper or unfit persons as jurors, and how this could prejudice the accused it is difficult to perceive. If in its exercise the court should reject a person qualified to sit as a juror, how does that prejudice the accused? If a juror disqualified by law is put upon the prisoner the case would be different; but if he is tried by an impartial jury he has sustained no injury."

In the case at bar there is no showing that the jury by whom the defendant was tried was not composed of impartial persons possessing all of the legal qualifications prescribed by the statute.

Assuming that the excluded juror was not legally disqualified to serve as a juror to try the defendant, certainly his intimate connection with the nephew of the defendant (he was a person *in loco parentis* to his and the defendant's nephew) justified the action of the court in excluding the juror.

SPECIFICATION OF ERROR NUMBER 2 (Ex. 5)

The defendant on cross-examination testified without objection that in about 1934 he had been convicted of heedless driving on a plea of guilty in the district court of Waimea. The prosecuting attorney then asked, "That was in reference to Araso?" to which he answered "No." Whereupon the following evidence, objections and rulings, appear in the transcript: "JUDGE ACHI: The record speaks for itself, we object. THE COURT: Objection is overruled. JUDGE ACHI: If counsel is attempting to pry into the record and the contents of what transpired before the Magistrate we object. THE COURT: He may be asked the details of that conviction. JUDGE ACHI:

He has already stated he was convicted of heedless driving —for counsel to pry into the details I object to that. THE COURT: That objection will be overruled. JUDGE ACHI: Exception. THE COURT: The exception will be noted." Whereupon the following questions were asked and answered without further objection: "Q Was your license suspended at that time? A What time? Q When you plead Guilty to heedless driving in Waimea Court? A Yes. Q For how long? A One year. Q When was your license renewed? A During the one year I was under suspension I worked for Mr. Crowell and he said I could drive. Q Have you a license now to drive? A I have a copy and I lost it."

From the foregoing it will be seen that the only details of the former conviction of the defendant brought out by the examination, against which defendant's objection was leveled, were that as a result of said conviction defendant's driving license was suspended for a period of one year and that his license to drive had been renewed. The attempt of the prosecution to delve further into the details was halted by the court by sustaining defendant's objection thereto. The sole objection to the reception of the evidence complained of, both here and below, is that it is secondary evidence and was admitted without proof that the record of the Waimea court could not be produced. The materiality of the evidence was not raised by the objection of the defendant. The defendant had testified without objection that he had been driving an automobile for seventeen years. That evidence justified the prosecution in cross-examining him as to his past experience as a driver. The facts testified to were peculiarly within the knowledge of the defendant and the admission of his evidence as to them did not violate the rule which requires that the best obtainable evidence be produced. (10 R. C. L. § 54, p. 903.)

## SPECIFICATION OF ERROR NUMBER 3 (Exs. 6, 7, 8 and 9)

This specification of error alleges that the court erred in denying the defendant's motion for a new trial.

The verdict of the jury finding the defendant guilty was returned May 29, 1941. On June 6, 1941, which was within the time allowed by law for filing a motion for a new trial, the defendant filed two motions. In one the defendant moved the court to set aside the verdict, arrest judgment, and discharge the defendant. In the other he moved the court to set aside the verdict and grant the defendant a new trial. The grounds of the first mentioned motion was the insufficiency of the evidence to support the verdict and bias and prejudice on the part of the jury. The last mentioned motion repeated the grounds of the other and added as an additional ground the refusal of the court to give the jury his requested instructions H and N. These two motions were heard together on June 18, 1941, and were overruled. Thereupon, on the same day, the defendant was adjudged guilty and sentenced.

In overruling the two motions the court correctly stated in substance that the credibility of the witnesses and the weight of the evidence are solely within the province of the jury; that there was sufficient evidence to support the verdict and that there were no facts or circumstances tending to show that there was bias or prejudice on the part of the jury.

The defendant's requested instruction H, which the court refused to give, dealt with what is and what is not a reasonable doubt, and his requested instruction N dealt with the presumption of innocence until guilt is established by such evidence as will exclude every reasonable doubt. Other instructions given, some at the request of the prosecution and others at the request of the defendant, taken together, contain every element of instructions H and N

requested by the defendant. The refusal to give them was therefore not error. (*Ter.* v. *Marks*, 25 Haw. 219; *Ter.* v. *Martins*, 28 Haw. 187; *Ter.* v. *Leong Kun*, 29 Haw. 90.)

SPECIFICATION OF ERROR NUMBER 4 (Exs. 10 and 11)

On June 26, 1941, the defendant filed a motion to set aside the verdict, judgment and sentence, and for a new trial, on the ground of misconduct of the jury and bias and prejudice on the part of certain members thereof.

These grounds of the motion are contained in the affidavits of the defendant and Paul Feliciano, one of the jurors, attached to and forming a part of the motion. The substance of Feliciano's affidavit is that on May 29, 1941, at lunch time the day the verdict was returned and before submission of the case to the jury, Daniel McCabe, one of the jurors, approached affiant and said: "Well, Paul, until this morning I believed the defendant George K. Wright was 'not guilty'. Now, I think the man (meaning the defendant) is 'guilty' "; that after the jury retired to consider its verdict one of the jurors, whose name he does not recall, remarked: "Now, fellows, let's not take too much time on this case. I want to get home as soon as possible. Let's get it off our chest"; that affiant retorted: "Wait a minute, my friend, we did not come here to rush this case. It is our duty to discuss this matter thoroughly before we call for a final ballot"; that said juror "became peeved and stayed peeved" during the rest of the deliberations; that when the jury had deliberated for more than four hours and the ballot stood eleven to one for conviction, the affiant being for acquittal, and while affiant was setting forth his views, the same juror who desired to rush the decision said: "Watch, how I am going to fight this guy." Affiant further stated that, realizing the full import of this remark made by said juror and in order to

avoid a scandal and a breach of the peace, he decided to cast his ballot for a verdict of guilty, involuntarily.

Defendant's affidavit is to the effect that he knew nothing of the facts relating to the misconduct of the jury as detailed in the affidavit of Paul Feliciano prior to the verdict; that knowledge of the alleged misconduct came to his attention after he was sentenced on June 18, 1941. There was no showing as to when the alleged misconduct of the jury came to the knowledge of defendant's counsel.

The prosecution moved that the foregoing motion be stricken on the ground that the court is without power to entertain said motion for the reasons, among others, as follow:

1. That a juror is not competent as an affiant, deponent or witness, to establish misconduct of the jury, whether such misconduct be his own, that of other members of the jury, or that of the jury as a whole;

2. That said motion is without merit because it presents no facts or circumstances to justify a departure from the general rule which is cited above.

In sustaining the prosecution's motion to strike defendant's motion, the court relied upon *Carpenter* v. *Hon. R. T. Co.*, 35 Haw. 761; *Mattox* v. *United States*, 146 U. S. 140, and *Woodward* v. *Leavitt*, 107 Mass. 453. The authorities relied upon by the trial judge support the conclusion reached.

The question of the insufficiency of the showing of earlier knowledge of the alleged misconduct of the jury, by reason of a failure to negative the fact of such knowledge by counsel for the defendant, was not called to the attention of the court and was not passed upon. (See *Medeiros* v. *Udell*, 34 Haw. 632.) The same is true as to the time of filing defendant's last motion for a new trial.

These matters not having been called to the attention of either the trial court or this court, we have considered

defendant's motion on its merits and find it to be without merit.

The exceptions are therefore overruled.

*W. C. Achi* for defendant-appellant.

*A. G. Kaulukou*, County Attorney, County of Kauai, for plaintiff-appellee.