**KEST, Admr., v. STATE et.**

Probate Court, Cuyahoga County.

No. 540848.   Decided December 30, 1957.

Marvin L. Kest, for plaintiff.

John T. Corrigan, Margaret J. Spellacy, Ralph S. Locher, Joseph H. Crowley, Louis V. Corsi, Lawrence O. Payne, Harry E. Bonaparte, for defendants.

## OPINION

By MERRICK, J.

This is an action for declaratory judgment to determine the manner in which this estate shall descend.   This Court has determined from the evidence that the one claiming as distributee was the bastard child of decedent's wife who had pre-deceased him.   There are no next of kin found to be in existence.   If claimant fails to establish himself as a distributee under the statute, then the estate will escheat to the State of Ohio.

Claimant's mother bore him out of wedlock to an unknown father. Several years later she married the decedent in this case. After living with decedent for a number of years, she died.   Subsequent to her death, decedent died leaving the estate in question.

The law of Ohio as to intestate succession is contained in §2105.06 R. C. Paragraph (I) reads as follows:—

"If there are no next of kin, to stepchildren or their lineal descendants, per stirpes;"

then follows paragraph (J) as follows:—

"If there are no stepchildren or their lineal descendants, escheat to the state"

This is a case of first impression in the State of Ohio, so far as reported decisions are available in the reports.

The State of Ohio contends that an illegitimate child cannot be considered as a stepchild under the statute and contends that the estate must escheat.

The determination of this question must revolve around the interpretation placed on §2105.17 R. C., which reads as folows:—

"Bastards shall be capable of inheriting or transmitting inheritance from and to the mother and from and to those from whom she may inherit or to whom she may transmit inheritance, as if born in lawful wedlock."

At common law an illegitimate child is nullius filius and cannot inherit from anyone. This rule was early superseded by statute in Ohio giving the right to the illegitimate child to inherit from the mother. This 'was the rule under the statute of 1831 (29 Ohio Laws, 254) and the amendment of 1853 (51 Ohio Laws, 502) and has been expanded so that now in Ohio an illegitimate child can inherit both from and through his mother, either directly or collaterally. (Sec. 2105.17 R. C. supra.) Blackwell v. Bowman, 150 Oh St 37. Lewis v. Eutsler, 4 Oh St 355.

Thus it may be seen that collaterals, as well as descendants of the mother, may inherit the estate of the bastard child. 7 O. Jur. 2nd 481. The right of the natural mother to inherit from the bastard has been recognized in Ohio for more than one hundred years. This because of the statute (§2105.17 R. C.) and case law on the subject, Upson v. Noble, 35 Oh St 655; Gibson v. McNeely, 11 Oh St 131.

If the bastard is entitled to take under the statute it can only be by virtue of a relationship of affinity. Affinity means relationship by marriage. State, ex rel. v. School, 151 P. 2d 168. A kinship by affinity arises through marriage and exists only between each spouse and the blood relatives of the other spouse. State v. Thomas, 174 S. W. 2d 337. A husband holds the same relationship to his wife's relatives by affinity as she does, and she stands in the same relation to his relatives. Chase v. Jennings, 38 Me. 44; Davidson v. Whitehill, 89 A. 1081.

A stepfather is a relative by affinity and the relationship continues after the death of his wife, on whom the relationship depends. Brotherhood v. Hogan, 5 F. Supp. 598. The legislature intended that stepchildren shall inherit irrespective of the dissolution of the marriage by divorce. In re McGraff's Estate, 38 O. O. 187. 17 O. Jur. (2nd) 506.

A child born out of wedlock to the mother is to be considered a stepchild of the husband whom she subsequently marries and who is not the father of the child. Jones v. Jones, 292 N. Y. S., 224; Lipham v.

State, 53 S. E. 817; Lunceford v. Fegles, 239 N. W. 673; Larson v. Harris, 230 N. Y. App. Div. 281; Hernandez v. Woodmen, 80 S. W. (2nd) 346; Simpson v. State, 174 S. E. 329.

An interesting case is found in our own appellate district in the year 1942, under the citation of **Porsberg v. Klein, 39 Abs 470.** The syllabus reads as follows:—

"Sec. 10503-14 GC (now §2105.17 R. C.) removes the disabilities of illegitimates in inheriting from their mother and from any others from whom the mother could inherit and should be given a liberal construction."

In the above case the inheritance was held to pass from a legitimate child of a pre-deceased mother to an illegitimate child of such mother born before her marriage to the father of the decedent.

Consolidating the reasoning herein, it is the opinion of this Court that the claimant is entitled to the estate in question, by virtue of the statute giving him the status of a child of his mother, who if alive would take the estate of the decedent who was a stepfather to the claimant.

A decree may be drawn accordingly, saving exceptions to all parties.