## KNOX v. MOSER ET AL.

1. **Mortgage on Homestead:** HUSBAND'S DEBT: AGREEMENT BY WIFE TO PURCHASE AT DISCOUNT: FORECLOSURE: AMOUNT OF RECOVERY. Where a wife, who had joined with her husband in a mortgage on their homestead to secure his debt, had entered into a written contract with the mortgagee for the purchase of the debt at a future time at a discount, but the mortgagee, in the meantime, brought his action to foreclose the mortgage, *held* that he was entitled to recover, as against a junior incumbrancer, the full amount of the note and interest, and not only the amount which the wife would at that time have been obliged to pay him for the debt under her contract for the purchase of it.

2. ———: WIFE JOINING IN NOT PERSONALLY BOUND. A wife who merely joins her husband in a mortgage to secure his note is not liable to a personal judgment on the debt.

3. **Husband and Wife:** PURCHASE BY WIFE OF·HUSBAND'S PAPER. Under the statutes of Iowa, a wife may hold separate property, and she may purchase the evidences of her husband's debts, and hold them in her own right, and enforce them against his property.

*Appeal from Dubuque Circuit Court*

TUESDAY, JUNE 22.

ACTION in chancery to foreclose a mortgage. There was a decree granting the relief prayed for by plaintiff. Johnson, a junior incumbrancer, appeals.

*S. P. Adams*, for appellant.

*C. E. Lyon*, for appellee.

*Fouke & Lyon*, for mortgagors.

BECK, J.—I. The defendant F. E. Moser executed to plaintiff, in 1874, a promissory note for $4,000, drawing interest at the rate of eight per cent per annum. To secure its payment he and his wife, Carrie L., executed the mortgage in suit. Subsequently Johnson recovered judgments against F. E. Moser, which are liens on the property mortgaged, junior to plaintiff's mortgage. In 1883, plaintiff entered into a written contract with Mrs. Moser, obligating himself to sell and transfer the notes and mortgage to her, upon payment by her, in four years and six months, of the $4,000, and interest at the rate of five per cent per annum, payable *semi-annually*, upon the payment by her of taxes and insurance upon the property. The decree of the circuit court forecloses the mortgage for the amount due upon the notes, and makes certain provision protecting the homestead rights of the mortgagors, which need not be recited here. The mortgagors do not appeal.

*(Margin note: 1. MORTGAGE on homestead: husband's debt: agreement by wife to purchase at discount: foreclosure: amount of recovery.)*

II. Johnson insists that the decree is erroneous, in that it contains a judgment for the amount of the notes secured, and interest as prescribed therein, claiming that it should have been for no more than $4,000, and interest at five per centum per annum from the date of the agreement between plaintiff and Mrs. Moser. This claim is based upon the position that the agreement of these parties amounted to a gift to Mrs. Moser of the full amount of the interest due upon the note at the date of the execution of the agreement, which operated as payment *pro tanto* of the debt secured by the mortgage. This position possibly would be good if the debt secured by the mortgage bound Mrs. Moser personally, and

she were in fact indebted to plaintiff upon the note or mortgage. But she did not sign the note, and did not obligate herself, by the terms of the mortgage, to pay the mortgage debt. The mortgage is in the short statutory form; the defeasance being in this language: "To be void, however, upon condition that we pay unto Thomas Knox," etc. There is no promise or undertaking of Mrs. Moser to pay the debt found in the mortgage. She is not, therefore, personally liable upon the mortgage, and no personal judgment can be rendered against her thereon. *Anderson v. Reed*, 11 Iowa, 177; *Wolf v. Van Metre*, 23 Id., 397; *Johnson Co. v. Rugg*, 18 Id., 137.

2. ——: wife joining in not personally bound.

The gift to her of a part of her husband's indebtedness, if it be regarded as such a transaction, did not operate as payment upon her own indebtedness to Knox, for she was not indebted to him. It cannot be claimed that it operated as a payment upon the husband's indebtedness, for the reason that the transaction was intended to be, and was in fact, an agreement upon the part of Knox to transfer to the wife the indebtedness of the husband upon payment by her of $4,000, and interest, as prescribed in the agreement. Under our statutes a wife may hold separate property, and her husband may execute to her, for a lawful consideration, a promissory note, which she may enforce against his property. She may therefore hold a note executed by her husband to another person, which is transferred to her, and, of course, may enter into a contract for the future transfer to her of his paper.

3. HUSBAND and wife: purchase by wife of husband's paper.

The fact urged by counsel for appellants, that she is interested in the discharge of the homestead from the debt, cannot authorize the conclusion that it should be regarded as extinguished to the extent of the sum realized by the gift to her by plaintiff. Her homestead, if she becomes the owner of the claim against her husband, will be just as effectually relieved as though the debt, to the extent of the amount of the gift, were extinguished. The plaintiff holds the posses-

sion of the note and mortgage, and the legal title thereof, and can therefore prosecute the foreclosure proceedings. He may recover the full sum secured thereby, subject to Mrs. Moser's rights and equities under the contract between her and the plaintiff.

The decree of the circuit court is

AFFIRMED.