### In re NOVAK.

(District Court, N. D. Iowa, Cedar Rapids Division. June 1, 1900.)

BANKRUPTCY—PETITIONING CREDITORS—WIFE OF BANKRUPT.

Where the law of the state permits the creation of enforceable debts as between husband and wife, a married woman who is an actual creditor of her husband in good faith, having a claim against him which would be provable in bankruptcy, may join in a petition in involuntary bankruptcy against him, or, if such claim amounts to $500 or over, and all his creditors are less than 12 in number, she may maintain such petition alone; but her alleged debt will be carefully scrutinized, to prevent fraud upon other creditors.

In Bankruptcy. On review of decision of referee in bankruptcy.

John J. Ney, for petitioning creditors.

Rauck & Bradley, for Iowa Lumber Co.

SHIRAS, District Judge. From the certificate of the referee it is made to appear that Frank Novak was formerly in business as a carpenter and contractor in Iowa City; that he became indebted to the Iowa Lumber Company in the sum of $1,605, and suit, aided by an attachment, was begun in the district court of Johnson county to enforce payment of this debt, the attachment being levied upon realty,

situated in Iowa City, in Johnson county; that thereupon a petition in bankruptcy was filed by Barbara Novak, the wife, and Frank W. and Joseph H. Novak, sons, of the alleged bankrupt, averring that Frank Novak was insolvent and had committed an act of bankruptcy, that the petitioners were creditors of the alleged bankrupt in amounts in excess of $500, and that the creditors were 11 in number, so far as known to the petitioners. No answer or other pleading was filed on behalf of the alleged bankrupt or any of his creditors in opposition to the petition within the time fixed by the provisions of section 18 of the act, and, the judge being absent from the division of the district wherein the proceedings were pending, the clerk on the next day after the expiration of the time for pleading to the petition referred the case to the referee for Johnson county, by whom the adjudication was duly entered, a day fixed for the first meeting of the creditors, and notice thereof was given to them. On the day thus fixed the Iowa Lumber Company, the attaching creditor, appeared before the referee and filed a so-called answer to the petition in bankruptcy, in which it averred that Frank Novak has absconded, that he owes debts in excess of $1,000, and denies that the petitioning creditors hold any just claims to the amount of $500 against the bankrupt; and it is then prayed that the petition in bankruptcy be dismissed. The Iowa Lumber Company also filed separate answers to the several claims of the petitioning creditors, denying the validity thereof. A hearing was had before the referee, and from the evidence submitted the referee found that the creditors of the bankrupt were 11 in number, and that Barbara Novak, the wife of the bankrupt, held a just claim against her husband in an amount in excess of $500, and therefore the case should not be dismissed for want of jurisdiction.

From the record now certified up, it does not appear that the referee has yet passed upon the validity or amount of the claims asserted on behalf of the sons of the bankrupt. Furthermore, the record does not contain the evidence submitted to the referee, and the facts certified by the referee are therefore not open to re-examination upon this review; the only question that can be considered being whether a wife, holding a provable debt against her husband, can maintain a petition for adjudication against her husband. Under the provisions of the Code of Iowa, a wife may become the creditor of the husband. Thus, in Knox v. Moser, 69 Iowa, 341, 28 N. W. 629, it was held that "under our statutes a wife may hold separate property, and her husband may execute to her, for a lawful consideration, a promissory note, which she may enforce against his property." This being the settled rule in Iowa, I can see no ground for holding that the wife, being an actual creditor in good faith, may not exercise the right conferred by the bankrupt act upon creditors to initiate proceedings in bankruptcy when cause therefor exists. Certainly, if the husband, becoming insolvent, should be adjudged to be a bankrupt on his own petition or on a petition filed by other creditors, the wife is entitled to prove up her claim, if she is a creditor in good faith, and to share in the distribution of the estate; and, if this be true, why should she not be entitled to initiate proceedings in bankruptcy, if that be necessary, in order to insure to her a share in the division of his property?

101 F.—51

If the wife holds a provable claim, then she comes within the provisions of section 59 of the act, which declares that "three or more creditors who have provable claims against any person  *  *  *  or if all the creditors of such person are less than twelve in number, then one of such creditors  *  *  *  may file a petition to have him adjudged a bankrupt." The objections to the exercise of this right, based upon the contention that frauds may thereby be rendered easy of perpetration as against third parties, while not sufficient to justify the denial of the right to a wife to invoke the protection of the bankrupt act, do demand that the claims advanced shall be carefully examined, so as to prevent the rights of third parties being infringed by bringing forward claims which, if they ever had an existence, have long lain dormant. The ruling of the referee that the court could take and hold jurisdiction over the proceedings in bankruptcy based upon a provable claim held by Mrs. Novak, the wife of the bankrupt, in an amount exceeding $500, the number of creditors being less than 12, is affirmed.

It must not be understood that, in thus passing upon the question certified by the referee, it is intended to approve the practice adopted in this case, of allowing an attack upon the validity of the adjudication by proceedings taken before the referee at the first meeting of the creditors. The question whether, after an adjudication has been had after due notice in the mode required by the act, it is still open to a creditor to raise an issue upon the jurisdictional facts, and, if so, what is the proper mode of procedure, are matters not considered or passed upon in the present case.