PERKINS v. DORMAN.

(District Court, D. New Mexico. July 31, 1913.)

No. 106.

BANKRUPTCY (§ 76*)—INVOLUNTARY PROCEEDINGS—RELATIVE OF BANKRUPT.

Bankr. Act July 1, 1898, c. 541, § 59b, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3445), provides that one creditor, having a provable claim of $500, may file an involuntary petition in bankruptcy, where the creditors are less

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

than **12**. Section 59d provides that, where the answer alleges and it is proved that there are more than 12 creditors, the proceeding will be dismissed unless 2 other creditors join as petitioners. Section 59e provides that, in determining whether there are more than 12 creditors, employés and relatives within the third degree of the bankrupt, not joining as petitioners, shall not be counted. *Held*, that section 59e was intended to guard against fictitious creditors preventing bankruptcy, and that relatives were not prevented from bringing bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 97, 99, 100; Dec. Dig. § 76.*]

Petition in bankruptcy by William Rhoades Perkins against Harry Howard Dorman. On motion to dismiss the petition. Denied.

Wilson, Bowman & Dunlavy, of Santa Fé, N. M., and Cramer & Headley, of Cincinnati, Ohio, for petitioner.

Renehan & Wright, of Santa Fé, N. M., for respondent.

POPE, District Judge. This is an involuntary proceeding in bankruptcy, brought by a single petitioner, alleging a claim of more than $500, and that the total number of the creditors of the alleged bankrupt is less than 12. It is stipulated that the petitioner is related to the defendant within the third degree of affinity by reason of defendant having married his sister. The case is now presented upon a motion to dismiss, upon the ground that an involuntary petition may not be prosecuted by such a relative as the sole petitioner.

This contention is urged upon the terms of section 59e of the Bankruptcy Act, which is as follows:

"In computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, such creditors as were employed by him at the time of the filing of the petition or are related to him by consanguinity or affinity within the third degree, as determined by the common law, and have not joined in the petition, shall not be counted.".

The argument is that as, in computing the number of creditors for the purpose of determining how many must bring the petition, relatives within the third degree who have not joined in the petition may not be counted, therefore such a relative may not, by himself, bring such a petition. This insistence in our opinion is untenable in a proper view of section 59. The latter section, in its subsection "b," provides that "three or more creditors *who have provable claims* against any person" aggregating $500 or more, or, if all of the creditors be less than 12 in number, then "one of such creditors" whose claim equals $500, may file an involuntary petition. Thus possession of a provable claim is the general test of the right to file. Since the claim here asserted is upon promissory notes, and since no reason is suggested why such do not constitute valid obligations between brothers-in-law, the petitioner here is the holder of a provable claim, and thus within the general terms of the statute, and, unless there be something further in the statute operating against him, is entitled to prosecute this proceeding.

Do the further provisions of section 59 have any such effect? Subsection "d" provides that in a proceeding by less than 3 creditors, coupled with the necessary allegation that there are altogether less than 12,

the answer may set up that there are more than 12 creditors, and, this being proved, the proceeding will be dismissed, unless a sufficient number to make at least 3 petitioners join in the proceeding. Subsection "c" provides that in computing the total number of creditors, for the purpose of determining whether the proceeding shall be thus dismissed because of less than the necessary three, employés at the time of filing the petition and relatives within the third degree shall not be counted unless they have joined in the petition. The purpose of this section is plain. Employés and near relatives are presumably under the influence of, or at least in sympathy with, the alleged bankrupt. If these may be counted as creditors to defeat a proceeding by less than 3 creditors, the temptation will often exist to use them fictitiously for such purpose, and thus to defeat the ends of the act. Congress, by the provision above quoted, says that this may not be done, and plainly indicates that if it is sought to oust the jurisdiction of a bankruptcy court, by proof that a sufficient number of creditors out of the total list of creditors have not moved, the latter list must be made up of those who are clearly creditors, not those who, by reason of their relationship to the defendant, may in all probability be only colorably such. The intent is to remove the temptation and danger of using employés and relatives by way of defense.

But where the relative appears, not in aid of a defense and as a weapon to defeat, but as an adverse mover and as a beneficiary of the law, the reason for the rule entirely fails, and with it the rule. The difference in the relative's status when used to frustrate the act and when proceeding under it is illustrated by the prohibition contained in subsection "e". The terms of that section, to the effect that he may not be counted, apply only when he has *not* joined in the petition. When he has joined, he may be counted; for then there exists no reason to fear that his relationship is operating to effect a fraud. Equally, indeed more strongly, is this the case where, as here, he brings the petition himself; indeed, brings it as the sole petitioner. This seems never to have been questioned in the courts. In re Novak (D. C.) 101 Fed. 800, decides, it is true, that a wife may bring the proceeding; but the case does not discuss, nor indeed apparently consider, section 59, and may, perhaps, have proceeded upon the theory that husband and wife are not related by affinity (State v. Wall, 41 Fla. 463, 26 South. 1020, 49 L. R. A. 548, 79 Am. St. Rep. 195, 205), and that section 59 was thus not involved. No other decision, even apparently dealing with the matter, has been found by counsel, and this for the reason, doubtless, that it has never heretofore been deemed one for controversy. The bankruptcy text-writers—Remington, § 215; Collier, page 779—express the view that members of the petitioner's family may be petitioning creditors. So, in our judgment, does the spirit and letter of the statute.

The motion to dismiss will accordingly be denied.