**In re SUPER VENT WINDOW CO.**

No. 2099-M.

District Court, S. D. Florida, Miami Division.

Oct. 28, 1943.

E. F. P. Brigham and Knight & Green, of Miami, Fla., for Rose Riesner and others.

Shepard Broad, of Miami Beach, Fla., for Super Vent Window Co.

Herbert U. Feibelman, of Miami, Fla., for petitioning creditor Sidney S. Stearns.

HOLLAND, District Judge.

On October 16, 1943, Herbert U. Feibelman, Esquire, attorney for petitioning creditor, Dewey Knight, Esquire, and E. F. P. Brigham, Esquire, attorneys for Rose Riesner, Elizabeth Ferri and Tito Ferri, appeared and argued the merits of the motion of the petitioning creditor for an order of adjudication, and the motion of Rose Riesner, et al., for permission to intervene in the right of the corporation, the alleged bankrupt, and to file an answer and assert full pleadings in the right of the corporation.

At the conclusion of the argument the court examined Section 59, sub. e of the Bankruptcy Act of 1938, 11 U.S.CA. § 95, sub. e, having in mind a legal matter which was not argued, to-wit, whether the involuntary petition filed by Sidney S. Stearns was properly filed by a sole petitioning creditor who was likewise a stockholder of the alleged bankrupt. Such stock ownership did not appear from the involuntary petition, but it was freely admitted in the argument that such was a fact. The court requested counsel to appear before the court in regard to this legal question, and on this date, October 28, 1943, Mr. Feibelman and Mr. Knight did so appear.

Section 59, sub. e of the Bankruptcy Act of July 1, 1898, 11 U.S.C.A. § 95, sub. e,

provides that in computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, such creditors as were employed by the bankrupt at the time of the filing of the petition, or who were related to the bankrupt, and have not joined in the petition, shall not be counted. The Bankruptcy Act of 1938 added such other persons, including stockholders of a corporation, which should be included in the computation. I find that the exact question which was in the mind of the court, and which prompted the setting of hearing on the question, was before the court in Perkins v. Dorman, D.C., 206 F. 858, a case under the Act of 1898, but the principle of which applies to the presently considered legal question. This was a District Court decision which I have carefully read and I find that it was well-considered, and I agree with the results reached. I, therefore, entertain no further thought of dismissing this petition on the court's own motion for the reason indicated.

I now come to consider the several motions, to-wit, that of the petitioner for order of adjudication, and that of the stockholders, Rose Riesner and others, for leave to intervene in the right of the corporation, and to assert a defense to the involuntary petition.

In the argument, the court file in the case of Rose Riesner, a free dealer et al., v. Sidney S. Stearns et al., pending in the Circuit Court in and for Dade County, Florida, in Chancery, was produced before the court and extensively referred to in the argument on the several motions now before this court. The said chancery case is No. 71522–C. The bill for a receiver and an accounting was filed in the State court on October 31, 1941. The case proceeded to a reference to a special master, with a report after much testimony filed on June 10, 1943.

I have examined the said chancery file sufficiently to determine that the litigation exhibits sharp contests and adverse claims between petitioning creditor Sidney S. Stearns on the one hand and the said Rose Riesner and others as stockholders on the other hand as to demand the granting of the application of the said Rose Riesner and others to intervene in this cause to protest the involuntary petition filed by the said Sidney S. Stearns. Being of this opinion,

It is ordered that the motion of the petitioner Sidney S. Stearns for adjudication of bankruptcy is denied; and the motion of Rose Riesner and others for the right to intervene is granted.

The record shows that an answer of said Rose Riesner and others was filed on August 5, 1943. Petitioner Sidney S. Stearns is granted twenty (20) days within which to file exceptions or other pleadings directed to said answer; and the issues when made up will be submitted for trial at the earliest practical date.