### SECURITIES AND EXCHANGE COMMISSION v. W. J. HOWEY CO. et al.

Civil Action No. 220.

District Court, S. D. Florida,
Orlando Division.

April 17, 1945.

Wm. A. McClain, of Atlanta, Ga., for plaintiff.

C. E. Duncan, of Tavares, Fla., and George C. Bedell, of Jacksonville, Fla., for defendants.

DE VANE, District Judge.

There is no controversy with respect to the facts in this case. The parties, by written stipulation filed May 20, 1944, have agreed upon the principal facts. In addition, the parties offered oral and documentary evidence at a hearing subsequently held at the direction of the Court for the purpose of supplying certain additional information desired by the Court.

The record shows that the W. J. Howey Company, hereafter referred to as the Howey Company, is a corporation, organized under the laws of the State of Florida in 1922, with its principal place of business at Howey-in-the-Hills, Florida. Howey-in-the-Hills Service, Inc., hereafter referred to as the Service Company, is a corporation organized under the laws of the State of Florida in 1932, with its principal place of business at Howey-in-the-Hills, Florida. G. W. Griffin is president and Dodge Taylor is vice president of both companies. The Howey Company and the Service Com-

pany share the same offices and utilize the same personnel and both companies are under direct common control.

The Howey Company is the owner of large tracts of land in Lake County, Florida, which it is now and for more than twenty years has been planting to citrus trees and selling at various stages of development, after the trees have reached one year old or older. The prices charged vary according to the number of years the land has been planted to citrus trees. The price generally received for land where the trees are one year old is $675 per acre; for two year old trees, $750 per acre; and bearing trees, five years or older, approximately $1,000 per acre.

The Service Company is now and since its organization has been engaged in the business of cultivating and caring for citrus groves sold by the Howey Company to others where its services were desired by the purchaser. It has, since 1935, used a standard form of service contract. In occasional instances modification of this contract is made to suit the requirements of a particular owner. By such service contract the Service Company undertakes to properly maintain, fertilize, spray, cultivate, and otherwise care for the citrus groves, for a specified service charge of $40 per acre per year for trees under five years old, and $30 per acre, per year, for bearing groves more than five years old.

In addition to the service charge the owner of the land agrees to pay for pruning, dusting and dusting material, spraying and spray material, special treatment, seed for cover crop, sowing of same, fertilizer, replacement of any trees which may die, and watering of trees when necessary. The Service Company acts as the agent of the owner of the property for the purpose of marketing the fruit, if that service is desired.

During the three year period ended May 31, 1943—being the period involved in this case—the Howey Company sold fifty-one (51) parcels of land comprising 195.26 acres of grove property. Of the fifty-one purchasers forty-two entered into the service contract with the Service Company for the care of their properties. The contracts covered 166.54 acres, or 85% of the acreage sold by the Howey Company during that period.

' The Service Company is also engaged in the general business of servicing citrus groves and services many grove properties.

It maintains 75 tractors, spray wagons, fertilizer trucks and other machinery used in the cultivation of citrus trees; a machine shop with mechanics and a force of about one man to each 100 acres of grove property. The record does not disclose the total acreage being cared for by the Service Company on May 31, 1943, but it does disclose that in March, 1944, it was servicing 2,487.36 acres of citrus grove. The 166.54 acres covered by the contracts mentioned above constitutes less than 7% of the total acreage under service agreements with the Service Company.

■ The citrus industry is an established industry in central and southern Florida and according to United States Census of 1940 there were 1721 farms reporting two (2) acres or more of citrus trees in Lake County, with more than one million trees of bearing age. It is a matter of common knowledge in the citrus section of Florida, and the record discloses, that the care of citrus groves requires equipment and a force beyond the means of the owner of a small tract of citrus property and there are numerous companies of good standing in the State, whose business is to service groves owned by others. There are at least seven such companies operating in the area in which the Service Company operates.

Plaintiff contends that the activities of the Howey Company and the Service Company in the sale of grove properties and in the care of same, constitute a violation of Section 5(a) of the Securities Act of 1933, 15 U.S.C.A. § 77e(a), and by this suit seeks to enjoin such acts and practices. The specific charge is that the entry into service contracts by the Service Company, with purchasers of land from the Howey Company, constitutes the sale of securities and as no registration statement with respect to such activities has been or is now in effect with the Securities and Exchange Commission, that the defendants should be enjoined from continuation of their present practices until registration statements have been filed and approved according to the requirements of the Securities Act of 1933.

■ In deciding this case I desire to let the record show that I adhere to the legal principle and interpretation of the Securities Act, as announced by Judge Strum, in Securities & Exchange Commission v. Bailey et al., D.C., 41 F.Supp. 647. I find from the testimony introduced in this case that this case does not fall

within the same category as that case and under facts shown by the record in this case, the defendants are not selling securities as that word is defined in the Securities Act and that the Government is not entitled to the relief sought in this particular suit.

In Securities & Exchange Commission v. Bailey et al., supra, the two companies there involved were the owners of large tracts of land in Marion County, Florida, said to be peculiarly adapted for growing tung trees. These companies were engaged in selling these lands to the public in small tracts for development and cultivation of tung oil producing trees. Currently with or shortly after execution of a "sales" contract, a separate "development" contract was executed between the purchaser and development company, or an individual identified with the companies owning the land. An extensive advertising campaign was carried on and the raw land was sold, sight unseen, to the purchaser. The tung oil industry was a new untried and undeveloped industry in Florida. Little was known about it, but glowing pictures were painted of the prospects. The fact that the Securities Act reaches out to stop such activities is a blessing to our gullible and unsuspecting public.

As pointed out above, the citrus industry is an established industry in Florida. Its beginning antedates the building of railroads in the State and its progress has been such that it is the largest single farming activity in the State today. Moreover, the record in this case shows that not a single sale of citrus grove property was made by the Howey Company during the period involved in this suit, except to purchasers who actually inspected the property before purchasing the same. The record further discloses that no purchaser is required to engage the Service Company to care for his property and that of the fifty-one purchasers acquiring property during this period, only forty-two entered into contracts with the Service Company for the care of the property. The competition between service companies is keen. The services offered by the Howey Company through the Service Company to the purchasers of citrus properties from the Howey Company is more in the nature of a guarantee to such purchasers that their properties will be well cared for, than anything else. The Service Company could not long exist if it depended altogether upon the business secured from the sales made by the Howey Company. Moreover, the purchasers of these small tracts of citrus property could not safely acquire same unless they did, at the same time, secure the services of some reliable service company to care for their properties. The employment of the Service Company by the purchasers of property from the Howey Company in no way constitutes a violation of the Securities Act of 1933.

Findings of Fact and Conclusions of Law will be prepared in conformity with this Memorandum Opinion.