### SECURITIES & EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

### FEDERAL SHOPPING WAY, INC., a Washington corporation, and J. R. Cissna, Defendants-Appellants.

#### No. 25006.

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1970.

As Corrected Nov. 3, 1970.

J. R. Cissna and Frank W. Payne, Federal Way, Wash., for defendants-appellants.

Frederick Paul, Lisle R. Guernsey, Daniel Brink, Donald J. Beighle, Russell J. Reid and J. Bookey, Seattle, Wash., James E. Newton, John N. Fegan, S. E. C., Seattle, Wash., Phillip Loomis, Jr., Gen. Counsel, David Ferber, Sol., Frank E. Kennamer, Jr., Asst. Gen. Counsel, Paul Gonson, Asst. Gen. Counsel, Warren G. Stolusky and Stuart A. Morse, Attys., S. E. C., Washington, D. C., for plaintiff-appellee.

Before JERTBERG, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

On September 13, 1967, two months prior to the filing of the involuntary Chapter X proceedings involved in Federal Shopping Way, Inc., 433 F.2d 144 (9th Cir., September 28, 1970), the Securities and Exchange Commission filed a complaint charging appellants, Federal Shopping Way, Inc. and its chief executive officer, J. R. Cissna, with violating the antifraud provisions of the Securities Act of 1933. The charges grew out of the sale of fractional undivided interests in land known as "Recre-Plex," located adjacent to the shopping center in Federal Way, Washington. The complaint sought a temporary restraining order, a preliminary and permanent injunction, and the appointment of a receiver *pendente lite.*

A temporary restraining order was issued on the following day. On October 13, 1967, after seven days of hearings, an order was entered granting a preliminary injunction and appointing a receiver. A decree of permanent injunction was granted on August 6, 1969, following a nine-day trial on the merits.[1] It is this decree which is the subject matter of this appeal.

Appellants contend: (1) that fractional undivided interests in real estate are not securities as defined in § 2(1) of the Securities Act of 1933, 15 U.S.C. § 77b(1); (2) that the district court's conclusion that appellants "engaged in a course of conduct in the offer and sale of securities in the form of Recre-Plex units which has constituted a gross fraud and deceit upon investors," in violation of § 17(a) of the Act, 15 U.S.C. § 77q(a), is clearly erroneous; and (3) that appellants were denied due process.

As to the first two contentions, we have examined the record, exhibits, and carefully documented findings and conclusions by the Honorable William D. Murray. The findings are not clearly erroneous and we find ourselves in total agreement with his conclusions of law. Since we can add nothing to the existing body of law by an extended opinion in this case, we do not write one.

Appellants' third contention, that they were denied due process, has been adequately dealt with in the Chapter X opinion.

Affirmed.

---

1. By that time the appointment of a permanent receiver in the SEC proceedings was moot. The Chapter X trustee had been appointed on January 21, 1969.