In the Matter of **FEDERAL SHOPPING WAY, INC.,** a Washington corporation, Debtor-Appellant.

No. 24199.

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1970.

Rehearing Denied Nov. 16, 1970.

---

J. R. Cissna (argued), Federal Way, Wash., Frederick Paul (argued), Seattle, Wash., Thomas Henderson, Tacoma, Wash., Frank Payne, Federal Way, Wash., for appellant.

Daniel Brink (argued), Tretheway, Brink & Wilson, James E. Newton, S.E. C., Jack H. Bookey, Atty., Seattle Regional Office, S.E.C., Frederick Paul (argued), Stanley A. Carlson (argued), Davis, Wright, Todd, Reise & Jones, Seattle, Wash., Phillip A. Loomis, Gen. Counsel, Paul Gonson (argued), Asst. Gen. Counsel, David Ferber, Sol., Warren G. Stolusky and Stuart A. Morse, Attys., S.E.C., Washington, D. C., for intervenors-appellees.

Before JERTBERG, WRIGHT and KILKENNY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from an order adopting a report by a referee in bankruptcy, sitting as a special master. It approved an involuntary petition for the reorganization of the debtor-appellant, Federal Shopping Way, Inc., pursuant to Chapter X of the Bankruptcy Act (Act), 11 U.S.C. § 501 et seq. Jurisdiction is conferred on this court by Sections 121 and 24 of the Act, 11 U.S.C. §§ 521 and 47.

The parties to this appeal are the appellant debtor corporation and, as appellees, the petitioning creditors, the Securities and Exchange Commission (S.E. C.), and the trustee appointed by the district court below. The S.E.C. entered the case because, two months prior to the filing of the involuntary reorganization petition, it had filed a petition for an injunction and appointment of a receiver under the antifraud provisions of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). The result of the latter litigation is the subject of a companion appeal, S.E.C. v. Federal Shopping Way, Inc., 433 F.2d 148 (9th Cir. September 28, 1970).

The debtor was incorporated under the laws of the State of Washington on May 24, 1955. Since that time its principal business has been the ownership, operation and management of a 25-acre shopping center in Federal Way, Washington, between Seattle and Tacoma. The debtor has also been engaged in the acquisition, development and sale or leasing of 120 acres of adjacent land.

The involuntary petition was filed on November 13, 1967 by holders of debtor's debentures. Hearings on the petition began on March 18, 1968, and continued for three weeks, during which time testimony was heard and voluminous exhibits were introduced. The report of the referee-special master con-

sumes 68 pages of the clerk's transcript on appeal.

Aside from the issue of the value of the debtor's holdings on the date the petition was filed, most of the testimony and exhibits deal with the maze of transactions between the debtor, Federal Old Line Life Insurance Company, and approximately 60 "cooperating companies." Federal Old Line, a Washington mutual insurance company, was the major creditor of the debtor. Both were controlled by the same management. At the time the involuntary petition was filed, Federal Old Line was under the control of the State Insurance Commissioner pursuant to a Statutory rehabilitation procedure. The "cooperating companies" were likewise under the control of the same management, having been created to avoid restrictions on investments by Federal Old Line under the Washington State Insurance Code.[1]

We cannot attempt to cover all of the facts in this opinion. Suffice it to say, we have examined much of the record and many of the exhibits called to our attention.

We affirm the findings of the referee on those issues which are essentially factual: (1) At the time the petition was filed, the debtor was insolvent in the "equity sense" in that it was "unable to pay its debts as they mature."[2] Section 130(1) of Act, 11 U.S.C. § 530.(2) The petition was filed in "good faith." Section 146 of Act, 11 U.S.C. § 546.

The legal issues which we have been able to discern[3] and which merit discussion are these:

A. Were the petitioning creditors disqualified because they also held stock in the debtor?

B. Was the appointment of a receiver *pendente lite* in the S.E.C. litigation sufficient to meet the requirements of Section 131(2) of Act, 11 U.S.C. § 531?

C. Was the debtor denied due process at any point in the proceedings?

We discuss each issue in turn.

A. *Were the petitioning creditors disqualified from joining in the petition because of their stock ownership?*

■ Debtor contends that the petitioning debenture holders are disqualified because they hold stock in the debtor corporation.

Assuming, without deciding, that Section 59(e)(2) of the Act, 11 U.S.C. § 95,

1. The history of the litigation between Federal Old Line and the State Insurance Commissioner, culminating in the rehabilitation proceedings primarily because of the over concentration of investments in the Federal Way area, is reported in two decisions of the Washington Supreme Court, Kueckelhan v. Federal Old Line Ins. Co., 74 Wash.2d 304, 306, 444 P.2d 667 (1968), and 69 Wash.2d 392, 418 P.2d 443 (1966).

The State Insurance Commissioner, who was a party to the bankruptcy proceedings below, initially filed an appeal from the order approving the Chapter X petition. At oral argument the Commissioner moved to dismiss his appeal and the motion was granted.

2. After reviewing the numerous delinquent claims against the debtor, the referee made the following statement which is fully supported by the record:

"In summary, whatever objective information is available, whether furnished by the alleged debtor or the adverse parties, in the form of audits conducted in accordance with generally accepted accounting standards and procedures, tax returns, reports to the Securities and Exchange Commission, and the testimony and records generally in this proceeding, all show that the debtor has been and is unable to meet substantial obligations as they have matured, and that its liabilities exceed its assets. Countervailing testimony is argumentative and, at best, based upon the materialization of promotional and speculative programs which the debtor's management has for years attempted to execute without success." (Record, vol. 2 at 290–291.)

3. For such reasons we would be fully justified in dismissing the appeal. See Thys Co. v. Anglo Calif. Nat'l Bank, 219 F.2d 131 (9th Cir. 1955). We refrain from doing so only because of the many investors and public agencies interested in the ultimate decision of these appeals.

is applicable to Chapter X petitions,[4] that section simply disqualifies shareholders "in computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition. * * * " It does not exclude shareholder-creditors from joining in the petition itself. In re Super Vent Window Co., 52 F.Supp. 356, 357 (D.C.Fla.1943); Perkins v. Dorman, 206 F. 858, 860 (D.C.N.M.1913). 3 Collier on Bankruptcy § 59e(2) at 633 (14 ed., Supp. 1969).

Appellant also contends that petitioners are disqualified because their claims are not liquidated and are contingent. Section 126 of Act, 11 U.S.C. § 526. This contention, however, was not presented to the referee or the district court on the petition for review, and we decline to consider it on appeal.

B. *Was the appointment of a receiver pendente lite in the S.E.C. litigation sufficient to meet the requirements of Section 131(2) of the Act?*

■ In addition to the requirements for all petitions for reorganization enumerated in Section 130 of the Act, 11 U.S.C. § 530, Section 131 requires proof of at least one of five alternative requirements for involuntary petitions. One is "that a receiver or trustee has been appointed for or has taken charge of all or the greater portion of the property of the corporation in a pending equity proceeding." Subsection (2).

Two months prior to the filing of the involuntary petition under Chapter X, the S.E.C. commenced an action in the district court for alleged violations of the antifraud provisions of the Securities and Exchange Act of 1933. A receiver *pendente lite* was appointed in that litigation to

" * * * take immediate custody, control and possession of all of the property and assets of any kind, real or personal of or in the possession or under the control of the defendant Federal Shopping Way, Inc., a Washington corporation, or of any corporations under its control, wheresoever situated, with full power to sue for, collect, receive and take into possession all goods, chattels, rights, securities, credits, monies, effects, lands, notes, mortgages, leases, contracts, and all books and records and documents of or in the possession of said Federal Shopping Way, Inc., a Washington corporation, or of any corporations under its control; and said receiver *pendente lite* shall conserve, hold and manage all such property and assets above described pending further order of this court." (Record, vol. 2 at 300.)

The debtor contends that the appointment of the receiver in the S.E.C. litigation does not meet the requirements of Section 131(2) of the Act.

In Los Angeles Trust Deed & Mortgage Exchange v. Securities and Exchange Commission, 285 F.2d 162, 179–182 (9th Cir. 1960), we held that it was within the power of the district court "as a court of equity * * * " to appoint a receiver to protect investors from further depletion of their property or rights. We conclude that the appointment of the receiver in the S.E.C. litigation was the appointment of a receiver "in a pending equity proceeding" within the meaning of Section 131(2). *See also,* Bryan v. Welch, 74 F.2d 964, 970 (10th Cir. 1935).

C. *Was the debtor denied due process at any point in the proceedings?*

■ The debtor contends that it was denied due process because the temporary restraining order in the S.E.C. litigation was issued without notice and

---

4. Assuming the debt is liquidated and not contingent, Section 126 of Act, 11 U.S.C. § 526, contains no limitation on the type of creditor who may file an involuntary petition. Appellees argue that Section 95 (e), if found to contain a limitation, is inconsistent with Section 126, and therefore the latter section is inapplicable to Chapter X proceedings. Section 102 of Act, 11 U.S.C. § 502. However, since we find no inconsistency under our interpretation of Section 95(e), we do not express a view on this issue.

hearing, because its officers were not allowed funds to hire attorneys and experts, and because it was given insufficient time to prepare for the Chapter X hearing.

We have examined each of these arguments and find them to be patently frivolous. The temporary restraining order was issued after notice and hearing pursuant to Rule 65, Federal Rules of Civil Procedure, the debtor's attorney has received funds for his expenses and there is nothing to indicate that the officers could not hire their own attorneys or experts, if they so desired, and the Chapter X hearing did not occur until four months after the filing of the petition.

The order confirming the referee-special master's report and appointing a reorganization trustee is

Affirmed.