

# The Attorney General of Texas

March 21, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Leonard Prewitt
Teacher Retirement System of Texas
1001 Trinity Street
Austin Texas 78701

Opinion No. MW-152

Re: Authority of the Teacher Retirement System to invest in real estate or mortgage certificates secured by real property.

Dear Mr. Prewitt:

You have requested our opinion regarding the authority of the Teacher Retirement System to invest in real estate or mortgage certificates secured by real property.

The Teacher Retirement System is a constitutionally recognized agency whose duty it is

> (b) . . . to provide benefits for persons employed in the public schools, colleges, and universities supported wholly or partly by the state. . . .

Tex. Const. art. XVI, § 67. Section 3.60(a) of the Education Code provides that

> [t]he State Board of Trustees shall be the trustee of all funds, securities, money, and other assets of the retirement system with full power to invest and reinvest them, as authorized by Article XVI, Section 67, of the Texas Constitution.

Article XVI, section 67 of the Texas Constitution directs the board of trustees

> (3) . . . to administer the system and <u>to invest the funds</u> of the system <u>in such securities as the board may consider prudent investments</u>. . . .

(Emphasis added).

"Securities," under the Texas Blue Sky Law, article 581-4, V.T.C.S., includes

> A. . . . any share, stock, treasury stock, stock certificate under a voting trust agreement, collateral trust certificate, equipment trust certificate, preorganization certificate or receipt, subscription or reorganization certificate, note, bond, debenture, mortgage certificate or other evidence of indebtedness, any form of commercial paper, certificate in or under a profit sharing or participation agreement, certificate or any instrument representing any interest in or under an oil, gas or mining lease, fee or title, or any certificate or instrument representing or secured by an interest in any or all of the capital, property, assets, profits or earnings of any company, investment contract, or any other instrument commonly known as a security, whether similar to those herein referred to or not. Provided, however, that this definition shall not apply to any insurance policy, endowment policy, annuity contract, optional annuity contract, or any contract or agreement in relation to and in consequence of any such policy or contract, issued by an insurance company subject to the supervision or control of the Board of Insurance Commissioners when the form of such policy or contract has been duly filed with the Board as now or hereafter required by law.

(Emphasis added). It is generally recognized that the term "securities" embraces "any and all evidences of debt." Huckabee v. Hansen, 422 S.W.2d 606, 608 (Tex. Civ. App. — Corpus Christi 1967, no writ). See also Florida Realty, Inc. v. Kirkpatrick, 509 S.W.2d 114, 118 (Mo. Sup. 1974); Allied Leasing Corp. v. Murphy, 233 S.E.2d 499, 500 (Ga. App. 1977). Thus, we believe that mortgage certificates secured by real estate ought ordinarily to be deemed "securities" for purposes of article XVI, section 67 of the Texas Constitution.

On the other hand, article 581-4, V.T.C S., does not include any kind of real estate within its purview. Furthermore, Texas courts and most others have held that real estate is not a "security" within the contemplation of various securities acts. Kadane v. Clark, 134 S.W.2d 448, 453 (Tex. Civ. App. — Fort Worth 1939), rev'd on other grounds, 143 S.W.2d 197 (Tex. 1940). See also Securities & Exchange Comm'n v. Federal Shopping Way, Inc., 433 F.2d 148, 149 (9th Cir. 1970); Polikoff v. Levy, 204 N.E.2d 807, 809-10 (Ill. App. 1965); Securities & Exchange Comm'n v. W. J. Howey Co., 60 F. Supp. 440, 441 (S. D. Fla. 1945); Pratt v. Worrell, 57 A. 450, 453 (N. J. 1904).

We must conclude, therefore, that pursuant to the terms of article XVI, section 67, of the Texas Constitution, the Teacher Retirement System is authorized to invest its funds in mortgage certificates secured by real estate, provided the board of trustees determines such to constitute a "prudent investment." The board may not, however, invest its funds in the realty itself. In view of the long established and dominant

legislative and judicial construction that realty is not within the ambit of "securities," it is our opinion that a constitutional amendment would be necessary to enable the board of trustees of the Teacher Retirement System to invest its funds in real property.

### S U M M A R Y

The Board of Trustees of the Teacher Retirement System may invest its funds, or a portion thereof, in mortgage certificates secured by real property, provided the board determines such to constitute a prudent investment. A constitutional amendment would be necessary, however, to enable the board to invest its funds in realty.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Walter Davis
Susan Garrison
Rick Gilpin
Tom Pollan
Bruce Youngblood